COMMONWEALTH *vs.* ADRIAN A. COHEN. No. 89-P-231. October 20, 1989. *Practice, Criminal*, Comment by judge. *Motor Vehicle*, Operating to endanger. *Witness*, Cross-examination.

After a jury trial in a District Court, the defendant was convicted of operating to endanger and operating after suspension of his license. His principal contention on appeal relates to a comment made by the judge in the presence of the jury while defense counsel was cross-examining a Commonwealth witness about her opinion of the defendant's speed just before the collision. The witness, who had been operating her vehicle (not one of the two vehicles involved in the collision) at approximately sixty-five miles per hour on Route 495 in Merrimac, had testified on direct examination that the Porsche automobile the defendant was driving passed her in a matter of seconds and, in her opinion, was travelling "80 plus" miles per hour. On cross-examination, she stated that it was possible that the defendant might have been going only seventy-five miles per hour. Apparently the witness became upset when defense counsel asked her why she was going sixty-five miles per hour and whether she knew what the speed limit was. Before calling a recess, the judge said to defense counsel, with the jury present, "You know, every defense attorney I see tries to turn an impartial witness into a defendant. I resent that." Almost immediately, the judge attempted to undo the harm by saying, "Jurors, as a matter of law, the court's instructing you not to consider any comments the court makes to an attorney . . ." He also told the jurors in his final charge that they were the sole judges of the witnesses' credibility, and that his comments or actions were not to influence them as to the facts. Defense counsel made a timely motion for a mistrial.

The judge's remark should not have been made in the presence of the jury. See *Commonwealth* v. *Sneed*, 376 Mass. 867, 870 (1978); *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 847 (1980). It was improper as an endorsement of the witness's testimony and, thus, a usurpation of the jurors' function to determine credibility. *Commonwealth* v. *Barry*, 9 Allen 276, 279 (1864). As a rebuke to counsel, it was also uncalled for in the presence of the jury. See *Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 17 (1980).

At worst, in the course of vigorously cross-examining a Commonwealth witness, counsel had asked two questions which the judge properly exercised his discretion to disallow. The judge's remark was the only departure from proper form, however, in an otherwise fair trial, and it was followed by prompt, clear and correct curative instructions. Whether the defendant was entitled to a mistrial, and is now entitled to a new trial, depends upon whether, in all the circumstances, he was fairly convicted. Compare *Commonwealth* v. *Festa*, 369 Mass. 419, 422-423 (1976); *Commonwealth* v. *Fitzgerald*, 380 Mass. at 846-849; *Commonwealth* v. *Perez*, 390 Mass. 308, 315-316 (1983); *Commonwealth* v. *DeArmas*, 397 Mass. 167, 171-172 (1986). Contrast *Commonwealth* v. *Sylvester*, 388 Mass. 749, 750-752 (1983); *Commonwealth* v. *Green*, 25 Mass. App. Ct. 751, 754-755 (1988).

In deciding that the defendant is not entitled to a new trial, we rely not only on the curative steps taken by the judge, but also on the overwhelming evidence of the defendant's guilt. On the driving to endanger charge, the primary focus of the defendant's concern on appeal, there was considerable evidence of guilt from the defendant's own witness. That witness related that the defendant was passing traffic on Route 495, driving at least seventy miles per hour with his attention on his radio or cassette player and not on the road, and he moved quickly from the far left lane to the center lane to the far right lane before losing control and colliding with another vehicle.

There is no merit in either of the two other claims the defendant makes on appeal. 1. The judge did not abuse his discretion in preventing defense counsel from cross-examining the same Commonwealth witness referred to above as to the reason she was travelling sixty-five miles per hour and her knowledge of the applicable speed limit. See *Commonwealth* v. *Perez*, 390 Mass. at 316; *Commonwealth* v. *Cooke*, 4 Mass. App. Ct. 775, 776 (1976), quoting from *Commonwealth* v. *Cresta*, 3 Mass. App. Ct. 560, 563 (1975). The witness had answered questions about her speed and had conceded that it was possible that the defendant was travelling only seventy-five miles per hour. The particular questions which she was not permitted to answer had no relevance to her assessment of the defendant's speed or his operation of his vehicle. 2. Nor was it error for the judge to allow a passenger in the automobile with which the defendant's car collided to testify briefly that she hit her right temple in the accident, causing injury to her optic nerve. Whether a person suffers injuries as a result of an automobile accident, as well as the nature of the injuries, is relevant to the crucial question whether the manner of operation was so negligent as to endanger lives and safety of members of the public. Here, the testimony was not so prejudicial to the defendant as to outweigh that relevance, and the judge did not abuse his discretion in admitting it. See *Commonwealth* v. *Chretien*, 383 Mass. 123, 135-136 (1981).

*Judgments affirmed.*

*Stephen P. Colella* for the defendant.
*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.