## CARE AND PROTECTION OF LAURA.

Norfolk. December 8, 1992. - April 9, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Minor*, Care and protection. *Parent and Child*, Care and protection of minor. *Evidence*, Child custody proceeding.

In a proceeding under G. L. c. 119, § 24, to establish the need of a minor child for care and protection, the judge's ultimate finding of current parental unfitness must be proved by clear and convincing evidence; however, the judge's subsidiary findings of fact require proof only by a fair preponderance of the evidence. [790-793]

In a care and protection proceeding under G. L. c. 119, § 24, facts relating to alleged sexual abuse of the child by her father were subsidiary facts requiring proof by a fair preponderance of the evidence. [793-794]

PETITION filed in the Dedham Division of the District Court Department on September 6, 1990.

The case was heard by *Daniel Klubock*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Alexander G. Gray, Jr.*, Special Assistant Attorney General (*Melissa Edmondson* with him) for Department of Social Services.

*Dennis R. Brown* for the parents.

LYNCH, J. This case presents an issue of first impression in the Commonwealth: whether so-called "subsidiary facts" in a care and protection proceeding brought pursuant to G. L. c. 119, § 24 (1990 ed.), must be proved by clear and convincing evidence. The Department of Social Services (department) filed the instant care and protection petition on behalf of

Laura in the District Court.[1] After the final hearing,[2] the judge ruled that "[The department] has not proven by clear and convincing evidence that [Laura] is in need of care and protection either because she has been or is being sexually abused by her father or because her welfare is being seriously neglected," and dismissed the petition. The department appealed. We transferred the case here on our own motion.

In his findings of fact, rulings of law, and orders, the judge stated: "The court, by clear and convincing evidence, makes the following findings of fact." He then listed thirty-six factual findings. He found that Laura's father, whom we shall call Paul, physically and sexually abused two of Laura's older stepsisters, and that he physically abused a third older stepsister. He also found that Laura's mother "was unable to protect her children from [Paul]" and that "[s]he denied ever having heard that her children had claimed that they were sexually abused by her husband despite the fact that those claims were a prominent part of the 1978 Care and Protection proceeding" in which the youngest stepsister was adjudicated to be in need of care and protection. In addition, the judge found that both Paul and Laura's mother had refused to cooperate or to have contact with the department, that Paul had refused to talk with investigators, that Paul refused to answer questions concerning whether he had physically or sexually abused his daughters, and that Laura's school work had deteriorated during the time of these investigations. The judge also credited the opinion of the department's expert that a person who has committed physical and sexual abuse in the past is likely to repeat such conduct if he does not receive treatment. The judge found that Paul had

---

[1]After filing the initial petition on behalf of Laura, the department brought a petition to join Laura's sister. That petition was dismissed when the sister reached eighteen years of age on October 10, 1991.

[2]General Laws c. 119, § 24 (1990 ed.), outlines a procedure for three hearings after a care and protection petition is filed: an emergency hearing after the initial filing of the petition for a presentation of facts as to the condition of the child, a "seventy-two hour hearing" if the child is removed at the first hearing to determine whether temporary custody should continue, and a third hearing on the merits of the care and protection petition.

not received such treatment. In his last finding, the judge stated, "The degree of denial shown by [Laura's mother] and the lack of cooperation shown by [Paul] raise serious concerns as to whether they would, if left to their own devices, provide the care necessary for [Laura's] well-being."

In the section entitled "Discussion," the judge analyzed the evidence as to whether Laura was sexually abused by Paul, including the evidence on whether Laura had contracted herpes simplex virus.[3] He wrote, "There is considerable evidence tending to prove that [Paul] sexually abused his daughter [Laura]." However, he stated, "Even though the evidence suggests that [Laura] was sexually abused by [Paul], and suggests that [Laura] could be repressing awareness of that abuse, that evidence is not adequately clear and convincing to me in the face of [Laura's] denial." He also stated, "I do not find that there is clear and convincing evidence that [Laura] was infected with the Herpes Simplex Virus [by Paul]." The judge then concluded, "The evidence is not clear and convincing that [Paul] has sexually abused his daughter [Laura]. However, there is indeed sufficient cause for serious concern, and [the department] should not ignore this family. [The department] should make counselling services available to [Laura], as the parents cannot be relied on to provide them."

Since the United States Supreme Court's decision in *Santosky* v. *Kramer*, 455 U.S. 745 (1982), we have required that current parental unfitness be proved by clear and convincing evidence in both care and protection cases and in proceedings to dispense with consent to adoption under G. L. c. 210, § 3 (1990 ed.). *Adoption of Frederick*, 405 Mass. 1, 4-5 (1989). *Care & Protection of Three Minors*, 392 Mass.

---

[3]The judge wrote: "This case began as a result of genital lesions suffered by [Laura]. There was a great deal of evidence introduced on the subject of whether those lesions were caused by genital Herpes disease, notwithstanding [Laura's] insistence that she has never had any sexual activity, either with her father or anyone else. Since a finding that her lesions were caused by the Herpes virus would mean that her denials of sexual activity were almost certainly not credible, that question must be addressed."   .

704, 711-712 (1984). *Santosky* v. *Kramer, supra* at 769-770. "[S]uch a standard adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." *Santosky* v. *Kramer, supra* at 769. Additionally, we have required the judge to enter specific and detailed findings demonstrating that close attention has been given the evidence. *Custody of Two Minors*, 396 Mass. 610, 619 (1986), citing *Petition of the Dep't of Pub. Welfare to Dispense with Consent to Adoption*, 383 Mass. 573, 592 (1981). The "factual conclusion," or as we have called it, the "critical inquiry," in reviewing a care and protection petition has always been "current parental unfitness." *Adoption of Frederick, supra* at 4. *Custody of a Minor (No. 1)*, 377 Mass. 876, 883 (1979). We have never addressed the question whether the judge's subsidiary factual findings in reaching that conclusion, however, must also be proved by clear and convincing evidence.

Reference to the manner in which courts apply the higher standard of proof in criminal cases provides a useful analogy. The United States Supreme Court has limited the application of the criminal burden of proof to "essential elements of guilt." *In re Winship*, 397 U.S. 358, 361 (1970), quoting McCormack, Evidence § 321, at 681-682 (1954). See *Jackson* v. *Virginia*, 443 U.S. 307, 316 (1979) ("no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof — defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense"). However, the Court has held that preliminary questions of fact need only be proved by a preponderance of the evidence. *Bourjaily* v. *United States*, 483 U.S. 171, 175-176 (1987), citing *Colorado* v. *Connelly*, 479 U.S. 157 (1986) (preliminary fact that custodial confessant waived rights must be proved by preponderance of evidence); *Nix* v. *Williams*, 467 U.S. 431, 444 n.5 (1984) (inevitable discovery of illegally seized evidence must be shown more likely than not); *United States* v. *Matlock*, 415 U.S. 164, 177 (1974) (voluntariness of consent to search must be shown by preponderance of evidence). Cf. *Common-*

*wealth* v. *Fernette*, 398 Mass. 658, 662 (1986) (Common-wealth must prove voluntariness of confession supporting conviction beyond a reasonable doubt). The Ohio Supreme Court has stated, "[T]he state need not establish each particular fact of the case beyond a reasonable doubt, if it establishes beyond a reasonable doubt the existence of every material fact alleged in the indictment and the guilt of the defendant." *Scott* v. *State*, 107 Ohio St. 475, 497 (1923). See also *Hall* v. *State*, 125 Ark. 263, 266 (1916) (doctrine of reasonable doubt applies to general issue of guilty or not guilty, not to each item of testimony or to each circumstance tending to show guilt of defendant).

This has long been the law applied in criminal cases in this Commonwealth. In holding that the preconditions to the admissibility of a dying declaration need only be proved by preponderance of the evidence, the court stated, "Every necessary element of the crime must be proved beyond reasonable doubt, but it does not follow that every piece of evidence must be admissible beyond reasonable doubt." *Commonwealth* v. *Polian*, 288 Mass. 494, 498 (1934). See *Commonwealth* v. *Azar*, 32 Mass. App. Ct. 290, 309 (1992) (evidence tending to show defendant's state of mind and inferences made from evidence need not be proved beyond reasonable doubt). Thus, in criminal cases, the heightened burden of proof is not applied to subsidiary facts, but rather only to the elements of the crime charged.

Similarly, in defamation cases where actual malice must be proved by the same clear and convincing standard required in care and protection cases, the United States Court of Appeals stated:

"We recognize that each individual piece of evidence cannot fairly be judged individually against the standard of clear and convincing evidence. Plaintiffs are entitled to an aggregate consideration of all their evidence to determine if their burden has been met." *Tavoulareas* v. *Piro*, 817 F.2d 762, 794 n.43 (D.C. Cir. 1985).

When we apply the reasoning from those decisions, it follows that in care and protection proceedings, subsidiary evidentiary findings need only be proved by a fair preponderance of the evidence. Taken together, these facts must then prove parental unfitness, since it is the "critical inquiry," by clear and convincing evidence.[4]

The parents argue that the questions whether Laura was sexually abused by her father and whether she was infected with the herpes simplex virus were "unquestionably 'essential elements' of the [d]epartment's case" and therefore must be proved by clear and convincing evidence. We disagree. It is true that many of the care and protection petitions that we uphold are based on significant findings regarding the sexual abuse of children. However, sexual abuse has not been the only, and certainly not the "essential," element analyzed in reaching an over-all finding of current parental unfitness. The care and protection statute itself, G. L. c. 119, § 24, does not state that sexual abuse is such an "essential element."[5] Moreover, this court has on many occasions focused

---

[4]This is the same view adopted by the District of Columbia Court of Appeals in *S.S.* v. *D.M.*, 597 A.2d 870, 882 n.32 (D.C. 1991), where the court stated:

> "When a trial court decides to terminate parental rights or rules that a child has been neglected, these conclusions of law (sometimes called findings of ultimate fact) respectively require different standards of proof: clear and convincing evidence (termination) and preponderance of the evidence (neglect). This is not to say, however, that each of the subsidiary facts underlying the ultimate disposition must necessarily be supported by the same standard of proof that sustains the ultimate fact/conclusion. For example, there may be twenty facts, each proved by a preponderance of the evidence, that in the aggregate create clear and convincing evidence of the need for termination of parental rights. Therefore, it is not necessarily true, as appellant's argument implies, that none of the facts found in a neglect proceeding can be used in the termination proceeding unless each so-called neglect fact is proved by clear and convincing evidence."

[5]In fact, G. L. c. 119, § 24, allows any person to bring a care and protection petition on behalf of a child under the age of eighteen alleging that the "child is without: (*a*) necessary and proper physical or educational care and discipline or; (*b*) is growing up under conditions or circumstances

on findings other than those related to sexual abuse in reaching a conclusion of parental unfitness. See *Care & Protection of Frank*, 409 Mass. 492, 494 (1991) (parent's prior arrests, convictions, and behavior); *Care & Protection of Stephen*, 401 Mass. 144, 151 (1987) (parent's mental illness); *Custody of Two Minors, supra* at 619-620 (physical abuse and neglect of child); *Care & Protection of Three Minors*, 392 Mass. 704, 712 (1984) (children deprived of basic physical needs of food, clothing, shelter, and basic emotional needs). Sexual abuse is only one of many "subsidiary facts" on which a judge must make findings in deciding the ultimate question of parental unfitness. Such findings, though they must be specific and detailed so as to demonstrate that close attention has been given the evidence, need only be supported by a preponderance of the evidence. See *Custody of Two Minors, supra* at 619; *Petition of the Dep't of Pub. Welfare to Dispense with Consent to Adoption, supra* at 592.[6]

The case is remanded to the District Court to determine the subsidiary facts in accordance with the proper burden of proof and to decide the issue of parental unfitness in light of the subsidiary facts that are properly found.

*So ordered.*

---

damaging to the child's sound character development or; (*c*) who lacks proper attention of parent, guardian with care and custody, or custodian or; (*d*) whose parents, guardian or custodian are unwilling incompetent or unavailable to provide any such care, discipline or attention." See *Care & Protection of Robert*, 408 Mass. 52, 57 (1990).

[6]The facts of this case are very different from *Custody of Eleanor, post* 795, 796 (1993), where the finding of parental unfitness was based exclusively on a single allegation of sexual abuse which was later withdrawn.