## COMMONWEALTH *vs.* TRUNG CHI TRUONG.

No. 92-P-1045.

Middlesex. April 8, 1993. - June 28, 1993.

Present: PERRETTA. SMITH. & PORADA, JJ.

*Conspiracy. Judge. Practice, Criminal,* Comment by judge, Instructions to jury, New trial.

At a criminal trial, the judge's remarks and warnings to defense counsel, and his interruptions during defense counsel's examination of witnesses, evinced neither a disfavor of the defendant's counsel nor a bias against his case. [670-671]

At a criminal trial, the judge correctly instructed the jury as to the elements of the crime of conspiracy to commit armed robbery and properly refused to instruct the jury that, to find the defendant guilty, they must find that he participated in the substantive offense. [672]

A defendant convicted of conspiring, with his wife and two other persons, to commit armed robbery was entitled on remand to an evidentiary hearing on his motion for a new trial, where, in the circumstances, newly discovered evidence that the female robber was someone other than the defendant's wife raised a substantial issue. [672-675]

INDICTMENT found and returned in the Superior Court Department on January 29, 1987.

The case was tried before *Robert J. Hallisey*, J., and a motion for a new trial was heard by *Catherine A. White*, J.

*Janet L. Sanders* (*Norman S. Zalkind* with her) for the defendant.

*Marguerite T. Grant*, Assistant District Attorney (*David E. Meier*, Assistant District Attorney, with her) for the Commonwealth.

PORADA, J. After a jury in the Superior Court returned a verdict of guilty of conspiracy to commit armed robbery, the defendant filed this appeal. He also appeals from the denial of his motion for new trial, and the two matters have been consolidated. In his direct appeal, the defendant argues that

he is entitled to a reversal of his conviction because of the bias displayed against him and his counsel during the trial by the trial judge and because of the denial of some of the defendant's requested jury instructions. His motion for new trial was based on certain newly discovered evidence. We reject the defendant's claims that he is entitled to a reversal of his conviction based on the manner in which the judge conducted the trial and the judge's refusal to give the requested instructions. We conclude, however, that the defendant is entitled to an evidentiary hearing on his motion for a new trial and remand the case to the Superior Court for this purpose.

The defendant was indicted for conspiring with his wife, Loan Thai, and two males to commit the crime of armed robbery of a jewelry store in Lowell. The defendant's wife was indicted for the same offense and for the substantive offenses of armed robbery and assault and battery by means of a dangerous weapon. The defendant's case was tried separately.

At trial, the owner of the jewelry store testified that the defendant was in his store on October 16, 1986, accompanied by two males, one of whom carried a bag, and that, when the owner indicated he recognized the defendant, the defendant became nervous. On the following day, around 12:30 P.M., the store was robbed by two men and a woman armed with guns and an axe. According to the owner's wife, the man with the axe had been in the store the day before with the defendant. At one point, the woman robber picked up a hand mirror and struck the owner's wife. When the robbers fled, the owner followed them and got a glimpse of the driver of the car whom he identified as the defendant. A customer in the store identified the female robber as the defendant's wife.

Both the defendant and his wife testified. Both stated that at the time of the robbery the defendant was picking up his wife in Malden to take her and their two year old daughter to a doctor in Boston. Medical records were introduced in evidence confirming that on the day in question their daughter had a two o'clock appointment with a doctor in Boston and that she appeared at the scheduled hour accompanied by

her mother. There was also evidence from a fingerprint expert that the fingerprints on the hand mirror did not match those of the wife.

After the defendant was convicted in the Superior Court, the fingerprints on the mirror were allegedly identified as those of a woman named Linh Ho, who had a criminal record. After receiving this information, the Commonwealth filed a nolle prosequi of all charges pending against the defendant's wife.

The defendant then filed a motion for a new trial on the ground that the identity of the fingerprints and the subsequent nolle prosequi of the wife's charges constituted newly discovered evidence that if known by the jury would have been a serious factor in the jury's deliberations. The motion was not heard by the trial judge because of his retirement. Another Superior Court judge denied the motion without an evidentiary hearing on the ground that this information would not have been a real factor in the jury's decision.

We now address the defendant's claims of error.

1. *Judge's bias.* The defendant argues that he was denied a fair trial because the trial judge allegedly rebuked and disparaged defense counsel in front of the jury and questioned witnesses so as to bolster the Commonwealth's case. We have reviewed the record and find these arguments unpersuasive. While the judge did intercede during the defendant's examination of witnesses by asking questions and making comments, the judge did not exceed the bounds of his proper role as an impartial arbiter. *Commonwealth* v. *Sneed,* 376 Mass. 867, 869-870 (1978). "The judge's questions were proper, as they . . . [were designed to] clarif[y] the witness' testimony and did not abuse the judge's traditional role of controlling the conduct of the trial." *Commonwealth* v. *Charles,* 4 Mass. App. Ct. 853 (1976). Contrast *Commonwealth* v. *Sneed,* 376 Mass. at 869-870; *Commonwealth* v. *Cohen,* 27 Mass. App. Ct. 1210, 1210-1211 (1989). His various interruptions, comments, and other rulings were not unduly harsh or disparaging toward defense counsel. See *Commonwealth* v. *Meadows,* 33 Mass. App. Ct. 534, 535-539 (1992). In none of these

instances did the judge become an advocate for the prosecution or suggest that the defendant ought to be found guilty. *Id.* at 539. Nor did the judge treat defense counsel so disparately as to evince either a disfavor of defense counsel or a bias against the defendant's case. Cf. *Commonwealth* v. *Sylvester*, 388 Mass. 749, 750-752 (1983).

We comment specifically on only one aspect of the judge's conduct. At the outset of defense counsel's opening statement, he instructed defense counsel not "to argue" and interrupted defense counsel during his opening statement to ask whether the evidence he referred to would be elicited from witnesses that the defendant intended to call. While the judge would have been better advised to make these inquiries at sidebar outside the presence of a jury, a judge has a duty to ensure that the jury bases its decision on the evidence. Defense counsel, like the prosecutor, may not allude in his opening statements to evidence that he does not reasonably believe in good faith will be adduced during the trial. S.J.C. Rule 3:08, DF 12, as appearing in 382 Mass. 807 (1981). *Lovett* v. *Commonwealth*, 393 Mass. 444, 449 n.6 (1984). Accordingly, a judge, acting within his discretion, may limit the scope of the prosecutor's and defense counsel's opening statements to evidence counsel expects to introduce. *Commonwealth* v. *Mahoney*, 400 Mass. 524, 530 (1987). *Commonwealth* v. *Murray*, 22 Mass. App. Ct. 984, 985 (1986).

In this case, we view the judge's remarks as no more than a preemptive warning or reminder to counsel of the limitations placed on opening statements in order to avoid a mistrial, given that a later curative instruction may not be sufficient. *Lovett* v. *Commonwealth* 393 Mass. at 449. *Commonwealth* v. *Murray*, 22 Mass. App. Ct. at 986. While the judge did not give the same warning to the prosecutor, this difference could hardly have been considered disparaging of the defense. Moreover, the judge explained the reasons for his remarks and interruption to the jury, serving to dispel any impression that the judge simply disfavored counsel or the merits of the defendant's case.

2. *Defendant's request for jury instructions.* The defendant contends that the judge erred in refusing to give the following instructions to the jury: "[I]f you are not satisfied beyond a reasonable doubt that [the defendant] was the driver of the car, you must find him not guilty of the indictment" and "[i]f after consideration of the evidence in this case, you have a reasonable doubt whether [the defendant] was present at the time and place where the offenses were committed, you must acquit him." The defendant objected to the judge's refusal to give his requested instructions.

The crime of conspiracy is committed upon the formation of an unlawful agreement to further, by concerted action, the accomplishment of a criminal act; participation in the substantive offense or presence at the scene are not elements of the crime of conspiracy. *Commonwealth v. Dellinger,* 10 Mass. App. Ct. 549, 556 (1980), *S.C.,* 383 Mass. 780 (1981). *Commonwealth v. Royce,* 20 Mass. App. Ct. 221, 223 (1985). *Commonwealth v. Burke,* 20 Mass. App. Ct. 489, 508 (1985). Here, the judge correctly instructed the jury as to the elements of the crime of conspiracy and the prosecution's burden to prove each element beyond a reasonable doubt. Cf. *Commonwealth v. Shea,* 323 Mass. 406, 412-416 (1948). Although each element of the crime must be proved beyond a reasonable doubt, this standard does not apply to each individual piece of evidence. *Care & Protection of Laura,* 414 Mass. 788, 792 (1993) ("in criminal cases, the heightened burden of proof is not applied to subsidiary facts, but rather only to the elements of the crime charged"). Accordingly, there was no error in the refusal of the requested instructions.

3. *Motion for new trial.* The defendant filed a motion for new trial based on newly discovered evidence, together with three affidavits from the defendant, his wife, and his attorney. The defendant's wife averred that about one month after her husband's conviction she was told by an unidentified person that a "Llinh Nguyen" was the woman who participated in the robbery and that another unidentified person told her that a "Linh Ho" had been in jail. She also stated

that the charges against her for participation in this robbery had been dropped after this information was given to her lawyer. The defendant's affidavit simply corroborated his wife's averments. The defendant's attorney in his affidavit stated that, upon his information and belief and based on a conversation with someone in the district attorney's office, the Commonwealth had compared the fingerprints on the mirror with those of Linh V. Ho, who had a criminal record, found they matched, and, as a result, filed a nolle prosequi in the wife's case. A copy of the nolle prosequi filed in the wife's case was attached to the motion that simply stated "certain information has been brought to [the Commonwealth's] attention which makes the further prosecution of these indictments inconsistent with the best interests of justice." The Commonwealth filed no affidavits.

A defendant seeking a new trial on the ground of newly discovered evidence must establish both that the evidence is newly discovered and that it casts real doubt on the conviction. *Commonwealth* v. *Grace*, 397 Mass. 303, 305 (1986). The evidence said to be new must not only be credible but also material. *Ibid.* Its materiality will be assessed by determining whether there is a substantial risk that the jury would have reached a different result if the evidence had been admitted at trial. *Id.* at 306. *Commonwealth* v. *Tucceri*, 412 Mass. 401, 413 (1992).

Here, the Commonwealth contends that the evidence is not material because it is cumulative of evidence presented at the trial that the fingerprints on the hand mirror were not those of the defendant's wife. We agree with the Commonwealth that, if the newly discovered evidence consists merely of attaching a name to the previously unidentified fingerprints, without any additional evidence that this person may have been the robber, it is not material. See *Commonwealth* v. *Moore*, 408 Mass. 117, 124-127 (1990) (no evidence that newly discovered suspect was involved in the crime); *Commonwealth* v. *Davis*, 410 Mass. 680, 681-682 (1991) (new techniques for analyzing DNA in hair, which would show that hair in the victim's hands had not come from the de-

fendant or the victim but from another, was found cumulative of the evidence that the hair in the victim's hand was not the defendant's). The defendant contends, however, that the significance of the evidence lies in the fact that the Commonwealth dropped the charges against the defendant's wife because this woman is now suspected to be the female robber, the effect of which is to bolster his alibi evidence that he was with his wife at the time of the robbery. The Commonwealth filed no affidavits to rebut this allegation and represented to the motion judge that it would respond only in the event of an evidentiary hearing. The motion judge, however, declined to grant an evidentiary hearing. See *Commonwealth* v. *Tucceri*, 412 Mass. at 404-408 (discussion of the Commonwealth's obligation to disclose exculpatory evidence in its possession).

We conclude that, in the circumstances of this case, the judge should have granted an evidentiary hearing. In exercising the discretion to hold an evidentiary hearing, the judge must decide whether a substantial issue necessitating a hearing has been raised. In doing so, the judge looks not only to the seriousness of the claim presented, but also at the adequacy of the defendant's factual showing. *Commonwealth* v. *Stewart*, 383 Mass. 253, 257-258 (1981).

Here, we conclude that the defendant has demonstrated a substantial issue. At the trial, the prosecution relied upon evidence that the defendant's wife participated in the robbery as evidence from which the jury could infer the defendant conspired with her to commit the robbery and which refuted the defendant's alibi that he was taking her and their daughter to the doctor. Apart from this evidence, the Commonwealth's case consisted in the defendant's nervous behavior in the store the day before the robbery along with a person who participated in the robbery, the use in the robbery of a "school bag" like one worn by one of the men who was with the defendant in the store the day before the robbery, and the store owner's identification of the defendant as the driver of the getaway car after observing him for "a moment." The defendant challenged the eyewitness's identification and

pointed to evidence that the owner was far more tentative in his identification of the defendant immediately after the robbery, that a neighbor placed the getaway car further down the street from where the owner said it was, and that testimony from another witness indicated the car was gone when he followed the owner out of the store. As can be seen from this description of the evidence, the case against the defendant was not a powerful one. Contrast *Commonwealth* v. *Moore*, 408 Mass. at 126-127. We conclude that evidence that the female robber was someone other than the defendant's wife raises a substantial issue.

Nevertheless, we are mindful that the defendant must demonstrate an adequate factual basis for his claim. *Commonwealth* v. *Stewart*, 383 Mass. at 257-258. Here, the defendant relied on inadmissible hearsay statements that Linh Ho committed the crime and that she has a criminal record. This standing alone would not be a sufficient foundation. *Id.* at 258. These statements are buttressed, however, by averments that, after this information was brought to the attention of the Commonwealth, the Commonwealth dropped the charges.

In light of the fact that the Commonwealth has not denied it possessed evidence tending to exculpate the defendant's wife and has indicated its willingness to respond to the defendant's affidavits in an evidentiary hearing, we conclude that an evidentiary hearing should be held to ascertain the true probative value of the newly discovered evidence. *Commonwealth* v. *Saarela*, 15 Mass. App. Ct. 403, 406-407 (1983). *Commonwealth* v. *Meggs*, 30 Mass. App. Ct. 111, 114-115 (1991).

Accordingly, the judgment is affirmed, but the order denying the motion for new trial is vacated and the case is remanded to the Superior Court for an evidentiary hearing on the motion for new trial.

*So ordered.*