NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-1347                                    Appeals Court

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 523391  vs.  SEX
OFFENDER REGISTRY BOARD.


No. 17-P-1347.

Essex.      October 5, 2018. - March 26, 2019.

Present:  Massing, Ditkoff, & Englander, JJ.


Sex Offender.  Sex Offender Registration and Community
     Notification Act.  Evidence, Sexual conduct, Hearsay,
     Police report, Sex offender.  Practice, Civil, Sex
     offender, Hearsay.  Due Process of Law, Sex offender,
     Burden of proof.  Administrative Law, Hearing.


     Civil action commenced in the Superior Court Department on
October 7, 2016.

     The case was heard by Salim Rodriguez Tabit, J., on a
motion for judgment on the pleadings.


     Brandon L. Campbell for the plaintiff.
     John P. Bossé for the defendant.


     DITKOFF, J.  The plaintiff, John Doe,[1] appeals from a

Superior Court judgment affirming his final classification by

the Sex Offender Registry Board (SORB) as a level two sex

_____

     [1] A pseudonym.

offender.  We conclude that the SORB hearing examiner (examiner) reasonably considered sufficiently reliable hearsay evidence in the form of police reports relating to Doe's uncharged sexual assault of a four year old boy.  We conclude that, although the classification decision must be supported by clear and convincing evidence, subsidiary facts need be proved only by a preponderance of the evidence.  Applying these standards to conclude that the examiner properly found by a preponderance of the evidence that Doe had sexually assaulted the boy, and that this and other substantial evidence supported the examiner's decision, we affirm.

1.  Background.  In November, 2008, police in New Paltz, New York, observed Doe openly watching pornography on a public library computer.[2]  The officers observed that he was watching a video recording of a child no more than three years old performing oral sex on an adult male.  The officers found other video recordings that Doe had downloaded, depicting girls approximately nine years old engaging in sexual acts.  In February 2009, Doe pleaded guilty to one count of possessing a

---

[2] Approximately one year earlier, New Paltz police received a similar complaint that Doe was viewing pornography on a computer at the same library.  Although the police discovered nothing criminal, Doe was given a verbal warning about the consequences of such behavior.

recording of a sexual performance by a child, see N.Y. Penal Law § 263.16.

On March 5, 2009, while awaiting sentencing,[3] Doe and a work friend decided to get drunk in the friend's apartment. The friend resided with his girlfriend and her four year old son, but the girlfriend was not present that evening. At some point during the evening, Doe spontaneously confessed to his friend that he had touched the boy. The friend responded that this could not have happened because the two men were together all day. Doe repeated his confession and explained that it had occurred "when he was outside with [the] boy earlier in the day."

The friend attempted to ask the boy, whereupon Doe forced his way into the room, and a physical altercation ensued. When the police arrived, Doe stated, "I shouldn't have touched the three year old's penis, the female deputy even told me that," apparently mistaking a male officer for a female in his intoxication. He then punched and kicked at the arresting officer and, finally, feigned unconsciousness when the police tried to interview him.

---

[3] Ultimately, Doe was sentenced to one and one-third to four years in prison. It appears that he was released from prison in November 2012.

Later that day, at the police station, the boy told an officer that Doe "touched Mr. Winkie." The boy explained that "Mr. Winkie" was located "under [his] pants," and the boy's mother confirmed that this was the boy's term for his penis. Six days after the incident, during a children's protective services interview, the boy disclosed that Doe touched his genital area and that Doe also exposed his penis to the boy. Doe was charged with sexual abuse of a minor in the first degree, see N.Y. Penal Law § 130.65, but the charge was ultimately nol prossed.[4]

In late 2014 or early 2015, Doe moved to Massachusetts to live with his mother and, apparently, registered with SORB. In May 2015, a SORB member recommended that Doe be classified as a level three sex offender. Doe invoked his right to challenge the initial classification by claiming a de novo evidentiary hearing pursuant to G. L. c. 6, § 178L (1) (a). In June 2016, the examiner conducted a de novo hearing on the basis of documentary evidence submitted by both parties.[5]

---

[4] The record does not reveal the precise reason for the dismissal, but the prosecutor stated at the preliminary hearing that "[t]he biggest problem that I have is that the victim here is a four and a half year old child that I simply can't have testify."

[5] There was an earlier hearing at which, it appears, the examiner classified Doe as a level three sex offender. After the Supreme Judicial Court decision in Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass.

The examiner found that both the child pornography incident[6] and the sexual assault incident actually occurred. Regarding the sexual assault, the examiner found that the fact that Doe "report[ed] to both the [friend] and to the police that he had touched the [v]ictim, the [v]ictim also stated in the presence of a police officer that [Doe] had touched him, reported the same later on the same day, and then again when interviewed by child protective services several days later . . . provides an indicia of reliability such that it is reasonable to conclude that the incident of sexual misconduct occurred." Armed with these factual findings, the examiner found multiple risk factors described in G. L. c. 6, § 178K (1), and 803 Code Mass. Regs. § 1.00 (2016), including repetitive and compulsive behavior, adult offender with a child victim, relationship between offender and victim, sexual misconduct in a public place, and extravulnerable victim. See Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 105 (2014)

---

297 (2015) (changing SORB's burden of proof to clear and convincing evidence), the examiner allowed a motion for a new hearing. Although the Supreme Judicial Court stated that the examiner may consider evidence from the original hearing, id. at 300, here both parties agreed that the better course of action would be to start anew.

[6] The examiner found that SORB had jurisdiction over Doe's out-of-State conviction because, under G. L. c. 6, § 178C, the New York conviction constitutes a "like violation" to the Massachusetts sex offense of possession of child pornography, G. L. c. 272, § 29C.

("SORB is required to consider a list of statutory factors in making its classification determinations").  The examiner further concluded that mitigating factors, such as Doe's supportive home situation and stability in the community, only somewhat offset the aggravating factors.  The examiner concluded that Doe posed a moderate risk to sexually reoffend and a degree of dangerousness such that a public safety interest is served by public access to Doe's registry information, and thus classified him as a level two sex offender.

Doe promptly filed a complaint for judicial review in the Superior Court pursuant to G. L. c. 6, § 178M, and G. L. c. 30A, § 14.  A Superior Court judge reviewed the administrative record and affirmed SORB's decision.  This appeal followed.

2.  Standard of review.  "To determine the validity of an agency's decision, the reviewing court must determine whether the decision is supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015) (Doe No. 356011), quoting Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006) (Doe No. 10216).  An agency decision should be set aside only if a court determines that the decision is "unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law."  Doe No. 356011, supra, quoting Doe No. 10216, supra.  An

appeal from a SORB classification decision is confined to the administrative record. See Doe, Sex Offender Registry Bd. No. 10304 v. Sex Offender Registry Bd., 70 Mass. App. Ct. 309, 311 (2007) (Doe No. 10304). "We 'give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.'" Doe No. 356011, supra, quoting Doe No. 10216, supra. It is within the province of the hearing officer to assess the reliability of such evidence and to draw all reasonable inferences. See Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 638 (2011) (Doe No. 10800). We review a judge's consideration of an agency decision de novo. See Brown-Forman Corp. v. Alcoholic Beverages Control Comm'n, 65 Mass. App. Ct. 498, 499 (2006).

3. Examiner's reliance on hearsay. "A hearing examiner is not bound by the rules of evidence applicable to court proceedings." Doe No. 10800, 459 Mass. at 638. See G. L. c. 30A, § 11 (2); 803 Code Mass. Regs. § 1.19(1) (2016). Instead, an examiner "may admit and give probative effect to that evidence 'which reasonable persons are accustomed to rely in the conduct of serious affairs.'" Doe No. 356011, 88 Mass. App. Ct. at 76, quoting G. L. c. 30A, § 11 (2). In the context of a sex offender classification hearing, hearsay evidence may be admissible if it bears sufficient indicia of reliability.

Doe No. 356011, supra at 77. See Doe No. 10800, supra at 632, quoting G. L. c. 30A, § 1 (6) ("Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion'"); Covell v. Department of Social Servs., 439 Mass. 766, 785-786 (2003) (detailed and consistent reports of abuse considered substantial evidence despite being presented only through hearsay sources).

When reviewing an examiner's determination that hearsay evidence is substantially reliable, we ask whether "it was reasonable for the examiner to admit and credit" the facts described in the hearsay evidence. Doe No. 356011, 88 Mass. App. Ct. at 77. Accord Boylston-Washington, Inc. v. Alcoholic Beverages Control Comm'n, 8 Mass. App. Ct. 396, 400 (1979). Factors that the examiner should consider include "the general plausibility and consistency of the victim's or witness's story, the circumstances under which it is related, the degree of detail, the motives of the narrator, the presence or absence of corroboration and the like." Doe No. 356011, supra at 78, quoting Doe No. 10304, 70 Mass. App. Ct. at 313. Common indicia of reliability include a detailed account, see Doe No. 10800, 459 Mass. at 638; Doe, Sexual Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 778 (2008) (Doe No. 89230); Doe No. 356011, supra at 78; Doe No. 10304, supra at 312-313; the consistency of the hearsay incident with other,

known behavior, see Doe No. 10800, supra at 638-639; admissions by the offender, see Doe No. 89230, supra; Doe No. 356011, supra at 79; and independent corroboration, see Commonwealth v. Bukin, 467 Mass. 516, 520-521 (2014); Commonwealth v. Patton, 458 Mass. 119, 134 (2010).  Indicia of unreliability include failure to identify the source of information, a lack of detail, and a lack of information about the circumstances in which the statements were made.  See Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 648-649 (2012) (Doe No. 136652).  Finally, other inconsistent statements by a hearsay declarant may or may not detract from the reliability of the hearsay, depending on the circumstances of those statements. See Doe No. 10800, supra at 639 (earlier denial by teenage victim not significant where explained by desire to hide other sexual conduct).

Here, the examiner reasonably determined that the police reports of the sexual assault bore sufficient indicia of reliability.  See Doe No. 10800, 459 Mass. at 638-639.  The lack of criminal conviction does not render information contained within a police report inadmissible in an administrative proceeding.  See id. at 638.  See also Doe No. 356011, 88 Mass. App. Ct. at 75, 79 (acquittal of assault with intent to rape and indecent assault and battery charges did not render report of those charges inadmissible or unreliable).  Although the sexual

assault is not itself described in detail, the report of the events surrounding the assault are detailed and plausible. The relationship between Doe and his friend, the events leading up to the assault, the location of the assault, and the immediate aftermath of the assault are all described in detail.

Similarly, the accusation was consistent. The boy confirmed three times, to three different persons, that he had been touched. First, the boy told the officer on the scene that Doe sexually assaulted him. Later, at the police station, in the presence of his mother, the boy stated that Doe "touched Mr. Winkie," pointed to his penis area, and told the officer that "Mr. Winkie" was located "under [his] pants." Finally, during an interview with child protective services several days later, the boy reported that Doe touched his penis and that Doe exposed his penis to the boy.[7]

Finally, the sexual assault is corroborated by Doe's own statements to multiple persons. Doe spontaneously admitted to his friend that he had touched the four year old boy. Once the

---

[7] Although it is, of course, true that "statements supported with little, if any, indicia of reliability do not attain trustworthiness through a process of repetition," Doe No. 136652, 81 Mass. App. Ct. at 649-650, quoting Edward E. v. Department of Social Servs., 42 Mass. App. Ct. 478, 486 (1997), the persistence of the accusation is an important factor when the reporter is a four year old child.

police arrived, Doe again admitted to an officer that he "shouldn't have touched the three year old's penis."

It was reasonable for the examiner to reject Doe's contention that he was in a delusional state at the time he made these admissions, and thus they should not be credited. It is beyond cavil that Doe was intoxicated and combative at the time he made the admissions, and intoxicated enough that he misidentified an officer's gender. Nonetheless, Doe's explanation that he came to believe he molested the boy because a jail guard taunted Doe earlier strained credulity, and Doe had the presence of mind to refuse an interview by the police. The examiner was within her discretion to discredit Doe's explanation for his admissions. See Doe No. 10800, 459 Mass. at 633.

Equally unpersuasive is Doe's contention that the examiner had to find the allegations of Doe's sexual misconduct unreliable because his friend testified at the preliminary hearing in a New York court that he did not witness the incident. Although the friend initially told Doe that the molestation could not have happened because the two were together the whole day, the friend stated that the crime was "very possible." He explained that, although he was generally with the friend or the boy, this was only for "most of the time." In short, the friend did not provide an alibi for Doe.

Accordingly, it was reasonable for the examiner to credit the hearsay report that Doe sexually assaulted the four year old boy.[8]

4. Subsidiary findings. In addition to challenging the underlying evidence, Doe challenges the examiner's factual finding that he molested the boy. Due process requires SORB to prove a sex offender's risk classification by clear and convincing evidence. See Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 298 (2015) (Doe No. 380316). The appellate courts have not had occasion, however, to determine whether subsidiary facts must be proved by a preponderance of the evidence or by clear and convincing evidence. We conclude that they must be proved by a preponderance of the evidence.

In a criminal case, the Commonwealth must prove all elements of the crime beyond a reasonable doubt. The standard of proof at a criminal trial reflects the United States Supreme Court determination that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof." Jackson v. Virginia, 443 U.S. 307, 316 (1979). Despite this

_____

    [8] The allegation that Doe exposed himself to the boy lacks many of these indicia of reliability. Although the examiner found in passing that the exposure occurred, it played no part in her analysis of the aggravating factors and bears little weight compared to molestation of a four year old boy. Accordingly, any error in this finding is inconsequential.

heightened standard of proof, the highest known to our jurisprudence, "preliminary questions of fact and subsidiary facts need only be proved by a preponderance of the evidence." Commonwealth v. Edwards, 444 Mass. 526, 543 (2005). Accord Commonwealth v. The Ngoc Tran, 471 Mass. 179, 187 (2015) (evidence of absence of defendant's mental impairment was subsidiary fact that jury were not required to find beyond reasonable doubt); Commonwealth v. Oppenheim, 86 Mass. App. Ct. 359, 366-367 (2014) (preponderance of evidence standard governs jury's determination whether defendant authored instant message confession); Commonwealth v. Beaz, 69 Mass. App. Ct. 500, 504 (2007) (judge gave erroneous jury instruction that inferences must be based on facts proved beyond reasonable doubt); Commonwealth v. Matthews, 49 Mass. App. Ct. 365, 368 n.2 (2000) (defendant entitled to reasonable doubt instruction only with respect to inference that is element of crime).

Similarly, in care and protection proceedings, termination of parental rights requires clear and convincing evidence of parental unfitness. Care & Protection of Vieri, 92 Mass. App. Ct. 402, 404-405 (2017). Subsidiary facts underlying the ultimate disposition, however, need not be supported by the same standard of proof. See Care & Protection of Laura, 414 Mass. 788, 793 & n.4 (1993) (in care and protection proceedings, subsidiary findings need be proved only by preponderance of

evidence); Care & Protection of Vick, 89 Mass. App. Ct. 704, 706 (2016) ("In care and protection cases, the judge's subsidiary findings must be proved by a preponderance of the evidence"). In Care & Protection of Laura, supra at 791-793, the Supreme Judicial Court surveyed various areas of law in which the ultimate fact had to be proved at a higher standard of proof and observed that, in all of these areas of law, subsidiary facts need be proved only by a preponderance of the evidence.  Like the Supreme Judicial Court in Care & Protection of Laura, we follow the analogy and recognize that subsidiary facts must be proved only by a preponderance of the evidence, though the appropriateness of the classification must be proved by clear and convincing evidence.  See Adoption of Leland, 65 Mass. App. Ct. 580, 583 (2006), quoting Care & Protection of Laura, supra at 793 ("While subsidiary findings must be proved by a fair preponderance of the evidence, taken together these findings must prove parental unfitness, which is 'the critical inquiry,' by clear and convincing evidence").  As in Care & Protection of Laura, this applies even where the subsidiary fact is as consequential as an act of sexual abuse.  Id.

Applying this standard here, the examiner properly found by a preponderance of the evidence that Doe molested the boy.  The hearsay reports of the incident, combined with corroboration and other indicia of reliability, provided the examiner with an

adequate basis to conclude that the molestation occurred.  Cf.
Bukin, 467 Mass. at 520, quoting Commonwealth v. Durling, 407
Mass. 108, 118 (1990) ("while '[u]nsubstantiated and unreliable
hearsay cannot, consistent with due process, be the entire basis
of a probation revocation,' '[w]hen hearsay evidence is reliable
. . . , then it can be the basis of a revocation'").

Doe also challenges the examiner's factual finding
regarding the warning he received about the consequences of
viewing pornography in a public library prior to the child
pornography incident.  The examiner stated that the police
"concluded that 'no criminal activity was afoot'" but that the
officer "advised [Doe] of the consequences of such activity."
The examiner found aggravating the fact that Doe viewed child
pornography in the same public library approximately one year
later after being warned not to do so.  These findings are well
supported by the police report recounting the warnings given.[9]
Doe's argument that "[t]he Examiner treated Doe as if he was
guilty of a crime" is misplaced, as the examiner found only that
the warning had been given and appeared to credit the police

---

[9] To the extent that Doe challenges the hearsay nature of
this evidence, the examiner could find that a police report
recounting actions taken by the police themselves was
substantially reliable.  See Commonwealth v. Foster, 77 Mass.
App. Ct. 444, 450 (2010) (in probation violation hearing, judge
could rely on police observations described in police report).

report's conclusion that Doe had committed no crime on that occasion.

5. Substantial evidence to support classification. Doe challenges whether there is substantial evidence to support the examiner's classification. "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe No. 10800, 459 Mass. at 632, quoting G. L. c. 30A, § 1 (6). Because Doe was classified as a level two sex offender, the hearing examiner had to (and did) find clear and convincing evidence that (1) "the risk of reoffense is moderate" and (2) "the degree of dangerousness posed to the public is such that a public safety interest is served by public availability of registration information." G. L. c. 6, § 178K (2) (b). See Noe, Sex Offender Registry Bd. No. 5340 v. Sex Offender Registry Bd., 480 Mass. 195, 197 (2018). Under the clear and convincing standard, "[t]he evidence must be sufficient to convey a 'high degree of probability' that the contested proposition is true." Doe No. 380316, 473 Mass. at 309, quoting Callahan v. Westinghouse Broadcasting Co., 372 Mass. 582, 588 n.3 (1977).

We review the examiner's finding that clear and convincing evidence supported the classification to determine whether it was supported by substantial evidence. In doing so, we may usefully analogize to care and protection cases, where we review

determinations of parental unfitness made under the clear and convincing standard.  See Adoption of Anton, 72 Mass. App. Ct. 667, 673 (2008).  In Adoption of Olivette, 79 Mass. App. Ct. 141, 157 (2011), we affirmed a judge's parental unfitness finding based on hearsay reports of sexual abuse.  In Adoption of Kimberly, 414 Mass. 526, 529-530 (1993), the Supreme Judicial Court affirmed a judge's parental unfitness finding based on the danger of the repetition of sexual abuse if the father had access to children he had sexually abused.

Guided by these cases, we discern substantial evidence to support the examiner's classification decision where Doe was convicted of a child pornography charge and, while awaiting sentencing, molested a four year old boy in his friend's care. These facts amply supported the high risk factors found by the examiner, such as Doe's repetitive and compulsive behavior and evidence that Doe sexually assaulted an extravulnerable child victim.  See G. L. c. 6, § 178K (1) (a) (ii-iii).  We can discern no error in the examiner's weighing of these aggravating factors against the mitigating factors.  Cf. Adoption of Jacques, 82 Mass. App. Ct. 601, 608 (2012) ("Weighing strengths against weaknesses is within the core competency of the trial judge, who has the benefit not only of the evidence, but of seeing and assessing the parents themselves").  Accordingly, we conclude that the examiner's determination that Doe poses a

moderate risk of reoffense such that public safety would be served by the public availability of registration information was supported by substantial evidence.

Judgment affirmed.