NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-535

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 95420

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner, John Doe, appeals from the decision of a Superior Court judge affirming his classification by the Sex Offender Registry Board (board) as a level two sex offender. We affirm.

1. Background. We summarize the facts as set forth in the hearing examiner's decision, "supplemented by undisputed facts from the record." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011). In 2001, Doe sexually abused a seven year old boy (first victim) by putting the boy's penis in his mouth while he and the boy were

in the boy's bedroom.[1]  Doe, who was thirty-three years old at the time, admitted to having been intoxicated during the incident.  In March 2002, Doe was charged in the District Court with one count of indecent assault and battery on a child under fourteen years old; he pleaded guilty to that charge in 2004.[2]

Separately, in 2001 and 2002, Doe assaulted his brother's thirteen year old stepson (second victim) on two occasions by touching the child's penis and putting it in his mouth.  He abused the second victim's eleven year old brother (third victim) in the same way in July 2002.  Based on Doe's conduct with the second and third victims, he was indicted in the Superior Court on three counts of indecent assault and battery on a child under fourteen years old, and two counts of rape of a child with force.  A Superior Court jury acquitted him of all four charges; based on the evidence presented at the classification hearing, however, the hearing officer determined by a preponderance of the evidence that Doe raped both children

---

[1] Doe was known to the first victim and was a houseguest at his home on the date of the offense.

[2] Doe was sentenced to 589 days' incarceration, deemed served.  Consistent with the requirements of G. L. c. 6, §§ 178C-178P, he was also required to register as a sex offender.

as alleged in the indictments (in each instance, by putting the child's penis in his mouth).

The board preliminarily classified Doe as a level three sex offender.  Doe sought review of that determination and, reviewing the case de novo, a hearing examiner classified him as a level two sex offender.  In reaching her decision, the hearing examiner applied two high-risk factors at "increased weight" based on Doe's rapes as an adult of three prepubescent children, and the fact that he sexually abused the third victim after being charged with indecently touching the first victim.  See G. L. c. 6, § 178K (1) (a) (ii), (iii); 803 Code Mass. Regs. § 1.33(2), (3) (2016).  The examiner further applied nine risk-elevating factors (one at "increased" weight, five at "moderate" or unspecified weight,[3] and three at "minimal" weight).  Specifically, the examiner applied these factors because the three victims were children with whom Doe had "extrafamilial" relationships; because the offenses involved high degrees of physical contact; because Doe was, by his own admission,

---

[3] It is apparent from the hearing examiner's decision that she weighted her application of the regulatory factors on a scale ranging from "increased" to "minimal."  Where the examiner's decision reflects that she "applied" a particular factor without assigning it a specific weight, we understand the examiner to have applied no more than threshold weight to that factor.

intoxicated when he committed one of the rapes; and because of Doe's past criminal history, which included his convictions of nonsexual violent crimes, and the fact that he had been the defendant on nine separate abuse prevention orders. See G. L. c. 6, § 178K (1) (b) (i), (iii); 803 Code Mass. Regs. § 1.33(7), (9), (10), (11), (15), (17), (18), (19), (22).

In favor of Doe, the hearing examiner applied four risk-mitigating factors (one at "full" weight and three at "moderate" or unspecified weight), based on Doe's seventeen years of offense-free time in the community, his age at the time of the hearing (fifty-two years old), and the support available to him from family and friends.[4] See G. L. c. 6, § 178K (1) (c); 803 Code Mass. Regs. § 1.33(29), (30), (33), (34). The examiner also carefully considered the scholarly articles that Doe submitted as "other information related to the nature of [his] sexual behavior." See 803 Code Mass. Regs. § 1.33(37). She ultimately gave those articles "little weight," however, because they addressed considerations "similar [to]" those already

---

[4] Notably, the judge tempered the weight she gave to Doe's wife's support, based on the examiner's determination that the wife "[did] not believe that [Doe] sexually offended against the [v]ictims." See 803 Code Mass. Regs. § 1.33(33)(a) ("The Board shall give greater mitigating consideration to evidence of a support network that is aware of the offender's sex offense history and provides guidance, supervision, and support of rehabilitation").

4

addressed in the regulatory factors she considered.  See G. L. c. 6, § 178K (1) (l).  Doe unsuccessfully challenged his classification in the Superior Court, and this appeal followed.

2.  Discussion.  a.  Standard of review.  A level two classification requires explicit findings, supported by clear and convincing evidence, "(1) that the risk of reoffense is moderate; (2) that the offender's dangerousness, as measured by the severity and extent of harm the offender would present to the public in the event of reoffense, is moderate; and (3) that a public safety interest is served by Internet publication of the offender's registry information."  Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 644 (2019) (Doe No. 496501).  See G. L. c. 6, § 178K (2) (b).  On appeal, our review is narrow:  We will not disturb the board's classification decision unless "the decision is in excess of [the board's] statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence."  Doe No. 496501, supra at 649, citing G. L. c. 30A, § 14 (7).  Additionally, "[w]e give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted).  Doe, Sex Offender Registry Bd. No. 523391 v.

5

Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019).  As to the hearing examiner's weighing of the evidence, we are mindful that the board's examiners have been extensive discretion "to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor."  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014) (Doe No. 68549).

b.  Assessment of scholarly articles.  On appeal, Doe contends that the hearing examiner in this case was required to consider information that Doe submitted, to the extent that the information was useful in assessing his current risk to reoffend and his degree of dangerousness.  See Doe No. 68549, 470 Mass. at 105.  This is a correct assessment of the examiner's responsibility, which includes an obligation to consider scientific research that speaks to the concerns underlying the statutory and regulatory considerations underpinning SORB's classification system.  See id.  Contrary to Doe's suggestion, however, the hearing examiner in this case did consider each of the research-based articles Doe submitted in support of his argument that the hearing examiner should give dispositive

6

weight to offense-free time in the community in considering his risk of recidivism.[5]

In his brief, Doe focuses on two articles to which the hearing examiner gave "little" independent weight. We discern no abuse of discretion in the hearing officer's assessment, however, as the articles Doe submitted addressed the correlation between offense-free time in the community and recidivism. This consideration is addressed elsewhere in the statutory and regulatory framework, and the examiner had already given that consideration full mitigating weight in Doe's case. See Doe No. 68549, supra at 109-110. Thus, no additional weight was required for these articles. Contrast Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 621-622 (2010).

c. Examiner's weighing of relevant factors. Having carefully reviewed the hearing officer's thorough written decision, we are satisfied that the examiner's decision to classify Doe as a level two sex offender was supported by the requisite clear and convincing evidence. See Doe, Sex Offender

---

[5] Because the examiner here did not reject the disputed articles or the research reflected in them, Doe's reliance on our unpublished decision in Doe, Sex Offender Registry Bd. No. 40665 v. Sex Offender Registry Bd., 100 Mass. App. Ct. 1114 (2021), is misplaced.

Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 300 (2015). The decision reflected an appropriate "qualitative analysis of the individual sex offender's history and personal circumstances," 803 Code Mass. Regs. § 1.33, and the reasons for the examiner's decision are readily discernable. See G. L. c. 178K, § 2 (b). Specifically, the examiner identified each factor that she applied and explained the reason for its application. In most instances, the examiner also specified the weight she assigned to the factor based on the specifics of Doe's case; where she did not do so explicitly, the weight attached was implied. See note 3, supra. Notably, given Doe's challenge to the hearing examiner's consideration of his seventeen years of offense-free time in the community, the examiner gave "full [mitigating] weight" to factor 29.

The hearing examiner was required to consider both the board's evidence and "whatever in the record fairly detracts from its weight." New Boston Garden Corp. v. Assessors of Boston, 383 Mass. 456, 466 (1981), quoting Cohen v. Board of Registration in Pharmacy, 350 Mass. 246, 253 (1966). We are satisfied that the examiner conducted a proper assessment of the evidence, and that her "[analytical] path may reasonably be discerned" from her decision. NSTAR Elec. Co. v. Department of Pub. Utils., 462 Mass. 381, 387 (2012), quoting Costello v.

8

Department of Pub. Utils., 391 Mass. 527, 535-536 (1984).  See Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012) ("the classification [must be] based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex").

Judgment affirmed.

By the Court (Massing, Hand & Smyth, JJ.[6]),

Clerk

Entered:  December 27, 2024.

---

[6] The panelists are listed in order of seniority.