NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1079

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527359

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment affirming the decision of the Sex Offender Registry Board (SORB) classifying him as a level two sex offender in accordance with G. L. c. 6, § 178K (2) (b). On appeal, he argues that the hearing examiner's decision was not supported by clear and convincing evidence and that the public dissemination of his registration information violates his State and Federal constitutional rights. We affirm.

Discussion. When classifying an individual as a level two offender, a hearing examiner must determine the following by clear and convincing evidence:

"(1) that the risk of reoffense is moderate; (2) that the offender's dangerousness, as measured by the severity and

extent of harm the offender would present to the public in the event of reoffense, is moderate; and (3) that a public safety interest is served by Internet publication of the offender's registry information."

Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 644 (2019) (Doe, No. 496501). See G. L. c. 6, § 178K (2) (b). "In determining whether these elements have been established by clear and convincing evidence, a hearing examiner may consider subsidiary facts that have been proved by a preponderance of the evidence." Doe, No. 496501, 482 Mass. at 656. The hearing examiner's discretion is "guided by . . . [several] statutory risk factors" and various "aggravating and mitigating considerations." Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019) (Doe, No. 23656). See G. L. c. 6, § 178K (1) (a)-(l); 803 Code Mass. Regs. § 1.33 (2016).

"We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe, No. 523391). "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, No. 496501, 482 Mass. at 649. "In reviewing SORB's decisions, we give due

weight to the experience, technical competence, and specialized knowledge of the agency" (quotation and citation omitted).  <u>Id</u>. See G. L. c. 30A, § 14 (7).

Here, the plaintiff pleaded guilty to indecent assault and battery on a person over the age of fourteen in violation of G. L. c. 265, § 13H, and sexual conduct for a fee in violation of G. L. c. 272, § 53A.  These charges arose from a series of sexual assaults that the plaintiff committed against a fifteen year old victim, whom he met through an online dating application.  The plaintiff picked up the victim in Connecticut, where the victim lived, and usually transported him to the plaintiff's house in Massachusetts, where the plaintiff assaulted the victim.  On occasion, the plaintiff assaulted the victim in a parked car in Connecticut.  The plaintiff met with the victim "about ten times" over the course of three months.[1]

In determining the plaintiff's classification, the hearing examiner applied one high risk factor, factor three, adult offender with child victim, 803 Code Mass. Regs. § 1.33(3) (2016), based on the ages of the plaintiff and the victim.  The hearing examiner also applied five risk elevating factors. These factors included factor seven, extrafamilial victim, 803

_____

[1]  The plaintiff pleaded guilty to fourth degree sexual assault and commercial sexual abuse of a minor in Connecticut Superior Court, in addition to his plea in Massachusetts.

Code Mass. Regs. § 1.33(7) (2016), because the victim was not related to the plaintiff,[2] factor nine, alcohol and substance use, 803 Code Mass. Regs. § 1.33(9) (2016), because the plaintiff used drugs and alcohol while offending against the victim, factor sixteen, public place, 803 Code Mass. Regs. § 1.33(16) (2016), because the plaintiff sexually assaulted the victim on two occasions in his vehicle in Connecticut, factor seventeen, male offender against male victim, 803 Code Mass. Regs. § 1.33 (17) (2016), because both the plaintiff and victim were male, and factor nineteen, level of physical contact, 803 Code Mass. Regs. § 1.33(19) (2016), because the plaintiff penetrated the victim orally.  The hearing examiner also applied five risk mitigating factors, taking note of the plaintiff's supervision by probation, advanced age, sex offender treatment, home and familial support systems, and of the materials submitted by the plaintiff pertaining to stability in the community.  See 803 Code Mass. Regs. §§ 1.33(28), (30), (32), (33), (34) (2016).  He further considered the expert psychological profile provided by the plaintiff pursuant to factor thirty-five, 803 Code Mass. Regs. § 1.33(35) (2016), and

_____

[2] The hearing examiner noted that the victim could not be said to be a stranger to the plaintiff because the evidence did not make clear whether the plaintiff transmitted sexually explicit materials or comments to the victim within the first twenty-four hours of electronic contact between the two.

4

the plaintiff's repeated abuse of the victim over a three-month period pursuant to factor thirty-seven, 803 Code Mass. Regs. § 1.33(37) (2016).  Based on his analysis of these factors, the hearing examiner concluded that the plaintiff's risk of reoffense and dangerousness were moderate, and that the public interest was served by Internet publication of his registry information.

The plaintiff does not challenge the hearing examiner's application of any of the risk factors.  Rather, he argues that the factors considered by the hearing examiner were not enough to support the conclusion that he posed a moderate risk to reoffend sexually in the future.  Specifically, he contends that "the risk mitigating factors present in this case, taken in conjunction with their ascribed weight, far outweigh the risk elevating factors" and support the conclusion that the plaintiff poses a low risk of reoffense.  We are unconvinced by this argument as it is well settled that the "hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor."  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014) (Doe, No. 68549).  See G. L. c. 30A, § 14 (7).  We are further unpersuaded by the plaintiff's argument that the psychological profile provided by Dr. John Daignault, "an expert in the field of

5

recidivism," supported the conclusion that the plaintiff posed only a low risk of reoffending in the future.[3] That claim is without merit as the hearing examiner specifically addressed the profile in his decision and incorporated it into his analysis. See Doe, No. 23656, 483 Mass. at 136-137 (hearing examiner must explain reasoning for rejecting expert testimony). See also Doe, No. 68549, 470 Mass. at 112 ("[t]he opinion of a witness testifying on behalf of a sex offender need not be accepted by the hearing examiner even where [SORB] does not present any contrary expert testimony" [quotation and citation omitted]). After careful review of the hearing examiner's decision, we discern no error and conclude that the level two classification was supported by clear and convincing evidence in the record.[4] See Doe, No. 523391, 95 Mass. App. Ct. at 94 ("Under the clear and convincing standard, [t]he evidence must be sufficient to

---

[3] We note that SORB "may give appropriate evidentiary weight to documentary reports and risk assessment, but the ultimate risk opinion, if any, will be excluded from consideration unless the mental health professional testifies as an expert witness at the classification hearing." 803 Code Mass. Regs. § 1.33(35)(a) (2016). Daignault did not testify before the hearing examiner.

[4] We disagree with the plaintiff's assertion that the hearing examiner "failed to include explicit and detailed findings" in support of his ultimate finding that the plaintiff posed a moderate risk of reoffense. See Doe, No. 523391, 95 Mass. App. Ct. at 94. The hearing examiner explained in adequate detail how he reached each of his findings and how his findings supported the factors he applied. Id.

convey a high degree of probability that the contested proposition is true" [quotation and citation omitted]). As such we are not persuaded, as the plaintiff contends, that a contrary conclusion was necessary.[5,6] See Doe, No. 68549, 470 Mass. at 110 ("[o]ur review does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion as an agency or local board, but only whether a contrary conclusion is not merely a possible but a necessary inference" [quotation and citation omitted]).

Since we conclude that the plaintiff was properly classified as a level two offender, his argument that the

_____

[5] The plaintiff's argument that SORB's classification process is arbitrary and has never been tested for scientific accuracy is without merit. SORB's classification process is amply supported by scientific research set forth in 803 Code Mass. Regs. § 1.33 and has been repeatedly upheld by the Supreme Judicial Court. See Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 763 (2022); Doe, No. 23656, 483 Mass. at 134. We decline to revisit that precedent here. See Shiel v. Rowell, 480 Mass. 106, 108 (2018), quoting Payne v. Tennessee, 501 U.S. 808, 827 (1991) ("adhering to precedent is our 'preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process'").

[6] The plaintiff further argues that the hearing examiner abused his discretion by denying the plaintiff's motion to disclose the hearing examiner's qualifications. This claim is unsupported by legal authority and, accordingly, does not rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

dissemination of his information online violated his State and Federal constitutional rights because it is predicated on the assumption that the plaintiff was misclassified is unavailing. Online dissemination of the plaintiff's information as a level two sex offender comports with due process.[7]  See Doe, No. 496501, 482 Mass. at 652-653 ("Due process concerns could be implicated if we were to interpret the statute to allow Internet publication of registry information for individuals whose degree of dangerousness is anything less than moderate").

Judgment affirmed.

By the Court (Meade, Blake & Desmond, JJ.[8]),

Clerk

Entered:  September 26, 2024.

---

[7] The hearing examiner explicitly found that the plaintiff's risk of reoffense and dangerousness were both moderate and that the public safety interest was served by the Internet publication of the plaintiff's registry information.  See Doe, No. 496501, 482 Mass. at 644.

[8] The panelists are listed in order of seniority.