DOLPHINO CORPORATION vs. ALCOHOLIC BEVERAGES CONTROL COMMISSION. No. 89-P-163. September 26, 1990. *Alcoholic Liquors*, Alcoholic Beverages Control Commission, License. *Evidence*, Administrative proceeding.

The plaintiff's tavern license, by which it runs a cocktail lounge ("Harvard Place") in the Hyde Park section of Boston, was suspended for fourteen days by the Boston licensing board, which, after hearing, found that the plaintiff, acting, presumably, through two bartenders (the owner and the manager not being present at the time), had permitted one Jeannetti to deal in cocaine from a position at one end of the bar. One of the bartenders was Jeannetti's uncle. The police had received a report concerning Jeannetti's dealing, investigated, and saw cars stopping in front of Harvard Place while an occupant would enter and leave in a minute or two. From across the street, through a plate glass window, they observed Jeannetti making sales to persons who left without buying drinks. They entered the premises, took Jeannetti to a washroom, and searched him, finding in a cigarette box several packets of white powder believed by them to be cocaine. Jeannetti, charged with possession of cocaine, later admitted in the West Roxbury District Court sufficient facts to warrant a guilty finding. The plaintiff appealed the license suspension to the defendant ("ABCC").

1. The Boston licensing board did not send a representative to the ABCC hearing to prove its case. It did forward a copy of its findings and

---

order, which an ABCC commissioner admitted as hearsay evidence, informing the plaintiff that the burden was on it to prove that there was "something wrong" with the board's decision, and stating that the ABCC would give the board's findings "somewhat reduced weight owing to the fact that no individual has come here to explain the factual basis of the board's decision." Although the commissioner stated twice that the board's findings were admitted as evidence of what the board "acting in good faith" had found, the transcript as a whole, as well as the decision of the ABCC, makes clear that the board's findings were given evidentiary weight.

This was error. Under such cases as *United Food Corp.* v. *Alcoholic Bevs. Control Commn.*, 375 Mass. 238, 243 (1978), *Vaspourakan, Ltd.* v. *Alcoholic Bevs. Control Commn.*, 401 Mass. 347, 354 (1987), *Embers of Salisbury, Inc.* v. *Alcoholic Bevs. Control Commn.*, 401 Mass. 526, 528-530 (1988), and *Civil Serv. Commn.* v. *Boston Mun. Ct.*, 27 Mass. App. Ct. 343, 349, 350 (1989), it is now clear that a *transcript of testimony* taken before another tribunal may properly be admitted in evidence and given substantive evidentiary weight, so long as the testimony bears reasonable indicia of reliability. The right of cross-examination in such instances is preserved through a party's ability to compel both the witness's appearance and his testimony before the agency. *United Food Corp.*, *supra* at 243. *Embers of Salisbury, Inc.*, at 531.

That is not what happened here. The ABCC gave substantive evidentiary weight to the findings of the Boston licensing board. It did not have, in any form, the evidence on which the board's decision was based. The ABCC is required to offer a de novo hearing, that is, to hear evidence and find the facts afresh. *United Food Corp.*, 375 Mass. at 240, 243. As a general rule the concept of a hearing de novo precludes giving evidentiary weight to the findings of the tribunal from whose decision an appeal was claimed. See, e.g., *Devine* v. *Zoning Bd. of Appeals of Lynn*, 332 Mass. 319, 321 (1955); *Josephs* v. *Board of Appeals of Brookline*, 362 Mass. 290, 295 (1972). Contrast practice under G. L. c. 231, § 102C, where, by virtue of the fifth paragraph of the statute, the District Court's decision is prima facie evidence in the Superior Court's de novo hearing, requiring a verdict for the party who prevailed in the District Court unless rebutted by evidence to the contrary. *Fulton* v. *Gauthier*, 357 Mass. 116, 117-118 (1970). Even under this statute, the District Court's memorandum of findings would be inadmissible. *Catania* v. *Emerson Cleaners, Inc.*, 362 Mass. 388, 389 (1972). *Lewis* v. *Antelman*, 10 Mass. App. Ct. 221, 224 (1980). Alternatively, if the findings of the Boston licensing board are viewed as hearsay evidence, they are second-level, or totem pole hearsay, analogous to the noneyewitness police reports in *Merisme* v. *Board of Appeals on Motor Vehicle Liab. Policies and Bonds*, 27 Mass. App. Ct. 470, 473-476 (1989). These were held not to constitute "substantial evidence" within the meaning of the State Administrative Procedure Act. It was error for the

commissioner to treat the board's findings as, in his words, "the city of Boston's case."

2. The ABCC hearing did not stop there, however. The plaintiff went on to introduce two police officers' incident reports for the night of Jeannetti's arrest. Although the plaintiff's purpose apparently was only to discredit the reports by showing inconsistencies, they were allowed in evidence with no request for limitation. Testimony of a waitress and two patrons corroborated certain details in the police reports. Based on that evidence, particularly the evidence that Jeannetti had been at the end of the bar for two hours and had engaged in multiple sales, an inference could properly be drawn that the bartenders should have known of the illegal activity on the premises. The plaintiff is thus entitled only to a rehearing before the ABCC due to the weight assigned erroneously to the licensing board's findings.

3. The judgment is reversed, and a new judgment is to be entered vacating the decision of the ABCC as having been made upon unlawful procedure and remanding the case to the ABCC for rehearing.

*So ordered.*

*Carolyn M. Conway* for the plaintiff.
*Peter Sacks*, Assistant Attorney General, for the defendant.