JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 10304 *vs.*
SEX OFFENDER REGISTRY BOARD.

No. 05-P-211.

Suffolk. February 16, 2007. - September 28, 2007.

Present: KANTROWITZ, ARMSTRONG, & DOERFER, JJ.[1]

*Sex Offender. Sex Offender Registration and Community Notification Act. Evidence,* Sex offender, Hearsay, Police report. *Administrative Law,* Substantial evidence.

A hearing officer with the Sex Offender Registry Board did not err in relying on a Massachusetts Bay Transportation Authority police report and Department of Correction records as substantive evidence in support of the classification of the petitioner as a level three sex offender, where the documents bore the requisite indicia of reliability to be admissible in the administrative hearing. [311-313]

CIVIL ACTION commenced in the Superior Court Department on August 22, 2003.

The case was heard by *Thomas P. Billings,* J., on motions for judgment on the pleadings.

*Edward W. Wayland* for the plaintiff.

*William A. Looney (Daniel A. Less,* Special Assistant Attorney General, with him) for the defendant.

ARMSTRONG, J. The petitioner appeals from a decision of a Superior Court judge affirming the Sex Offender Registry Board's (board's) classification of him as a level three sex offender. The petitioner's argument is limited solely to the following determination by the judge:

"Upon careful reading, however, it does not appear that the hearing officer found, or assumed, that the 1991 of-

[1]Justice Doerfer participated in the deliberation on this case prior to his retirement.

fense was a forcible rape. The conclusion that Doe 'sexually assaulted a stranger child victim, raping her multiple times over a two-hour period,' is a technically correct (if vivid) description of a conviction on two counts of statutory rape, where the offender had known the victim for less than 24 hours. See 83 [Code of Mass. Regs. §] 1.40 (3)(c)."

The petitioner asserts that this determination by the judge, and the findings of the hearing officer regarding the sexual assault are error because the only evidence of a forcible rape was the statement of the victim contained in the Massachusetts Bay Transportation Authority (MBTA) police report, and in the Department of Correction (department) records of the petitioner. Because the evidence of the statements is hearsay, the petitioner argues that there was not substantial evidence to classify him as a level three sex offender. Our reading of the hearing officer's decision confirms that he credited the victim's statement when he found that the petitioner committed a forcible rape (G. L. c. 265, § 22A), despite having pleaded guilty to statutory rape (G. L. c. 265, § 23). This reading is underscored in the hearing officer's discussion of the petitioner's refusal to participate in sex offender therapy. Specifically, he faults the petitioner for having "consistently denied that he forced the victim to have sexual intercourse."

The police report at issue, summarized in the department's record, stated that the victim and two other girls had traveled from Randolph into Boston together and in the train station became casually acquainted with the petitioner, who was then twenty years old. After spending some hours in Boston they returned to the station to catch a train home and again encountered and talked with the petitioner, who held the victim back while the others boarded the train. As the door closed, the petitioner yelled to the others to get off at the next stop. He then forced the victim to go up to the street and into a car with two other males in it. They drove about fifteen minutes to a house. The victim and the petitioner entered the house and went to a bedroom, where the petitioner closed the door, stripped her clothing off, forced her onto the bed, and had penile-vaginal intercourse with her over her objections. The petitioner's story, to which he testi-

fied at the hearing, was that the victim went with him voluntarily, that the acts of intercourse were voluntary, that he walked her to a bus when she was ready to leave, that she gave him a ring to remember her by, that they planned to get together again, but that when he called her she "sounded strange" and told him not to call again.

The petitioner's argument in the Superior Court was that in order to classify him as a level three offender, the hearing examiner had to base his findings of forcible rape on totem pole hearsay, namely, the department's rendition of the facts of the index crime, derived from the original MBTA police report, which was also contained in the department's record but was too illegible to read. The Superior Court judge agreed that if the hearing examiner's decision were based on second and third level hearsay, reversal would be required for want of substantial evidence.[2] In the judge's view, the only credible evidence in the record as to the facts of the index crime was (1) the convictions themselves, which were of statutory (i.e., non-forcible) rape of a child (two counts); and (2) the petitioner's testimony, which was of consensual sex with a female claiming to be seventeen. Hence, the significance of the judge's statement, quoted in the opening paragraphs, whereby he affirmed the decision of the hearing examiner. The judge's thorough review of the hearing officer's report and the record before him, however, was crucial to his decision to affirm the board's classification.

An appeal from a classification decision by the board is pursuant to G. L. c. 30A, § 14, and is confined to the administrative record. See G. L. c. 6, § 178M. In reviewing the record we must determine whether the decision of the board is supported by substantial evidence. See *Doe, Sex Offender Registry Bd.*

---

[2]The judge wrote: "A superficial reading of the hearing officer's decision including . . . his conclusion that Doe had 'sexually assaulted a stranger child victim, raping her multiple times over a two-hour period' could leave one with the impression that the hearing officer relied on, and credited, the second-level hearsay, mostly illegible account of the offense appearing in the MBTA [p]olice report, or (more likely) the far more legible third-level summary in the [department's] [c]lassification [r]eport. Were this the case, reversal and remand would be required, as hearsay statements appearing in a police report cannot, absent adequate 'indicia of reliability and probative value,' stand alone as substantial evidence for an agency finding. . . ."

*No. 1211* v. *Sex Offender Registry Bd.*, 447 Mass. 750, 764 (2006).

The issue presented by this appeal is whether the hearing examiner erred in crediting the statement attributed to the victim where the statement was presented to him through a partially illegible police report and the department's records. Our conclusion is that he did not err when he relied on the report as substantive evidence in support of the level three classification. The documents that related the victim's story bore the requisite indicia of reliability to be admissible in the administrative hearing. *Embers of Salisbury, Inc.* v. *Alcoholic Bev. Control Commn.*, 401 Mass. 526, 530 (1988). See also *Covell* v. *Department of Social Serv.*, 439 Mass. 766, 786 (2003) ("Substantial evidence may be based on hearsay alone if that hearsay has 'indicia of reliability' ").

The most legible account of the victim's story is the synopsis contained in the department's classification report. The department's synopsis, having been based on the original police report, is third level hearsay. The danger of third level hearsay, as contrasted with second level hearsay (i.e., the victim's statement in the police report), is that it may not accurately represent the second level hearsay. In this case that danger is not present. The original police report, although in parts illegible, included in its legible portions verification of all the substantial elements related in the department's report, including such details as that there were five instances of penetration.[3]

While the board, under its regulations, is not bound by the rules of evidence observed by courts but may receive and consider evidence of a kind "on which reasonable people are accustomed to rely in the conduct of serious affairs," 803 Code Mass. Regs. § 119(1), a non-eyewitness police report, standing alone, cannot constitute substantial evidence within the meaning of G. L. c. 30A. See *Merisme* v. *Board of Appeals on Motor Vehicle Liab. Policies and Bonds*, 27 Mass. App. Ct. 470, 473-476 (1989). However, particular narratives related therein may be

---

[3]We mention the five instances of penetration because the judge stated that he found no basis in the record for the hearing examiner's finding of four instances, that at most the record only substantiated two instances, which he (the judge) based on the number of court convictions.

admissible in board hearings depending on the general plausibility and consistency of the victim's or witness's story, the circumstances under which it is related, the degree of detail, the motives of the narrator, the presence or absence of corroboration and the like. See, e.g., *Dolphino Corp.* v. *Alcoholic Bev. Control Commn.*, 29 Mass. App. Ct. 954, 956 (1990) (police reports admitted without limitation, certain details of which were corroborated by testimony, considered sufficiently plausible to constitute substantive evidence before the ABCC); *Commonwealth* v. *Wilcox*, 63 Mass. App. Ct. 131, 137 (2005) (statements in police reports, admitted at a probation surrender hearing, are reliable where they are corroborated by the defendant's admissions). The victim's story, contained in the police reports, was plausible, consistent and highly detailed. It was corroborated by the petitioner's testimony wherein he admitted that he had taken the victim to a house in the neighborhood and engaged in sexual intercourse with the victim.

For purposes of the board's classification decision, we conclude that the hearing examiner did not err in giving credence to the victim's story as appearing in the department's classification report and the partially legible police report on which it was based.[4] A hearing examiner of the board is not, in our view, limited to the terms of the plea agreement, which can be and generally is based on factors other than the facts of the case. The board's level three classification is not otherwise challenged in this appeal.

Although the index crimes were the only offenses of a sexual nature on the defendant's record, the record is replete with other offenses, including a manslaughter conviction and numerous prison disciplinary violations, supporting the examiner's conclusion that he is of a nature not well restrained by community mores and that, due to having been released from prison relatively recently, he needs more offense-free time in the community to live down his past.

*Judgment affirmed.*

---

[4] It is not unlikely that the department official who prepared the classification report in 1991 had the benefit of a more legible copy of the police report than the one reproduced in our record.