NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-694

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 383730

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming the Sex Offender Registry Board's (SORB) decision to classify him as a level two sex offender in accordance with G. L. c. 6, § 178K (2) (b). On appeal, Doe maintains that (1) the hearing examiner erroneously applied SORB's statutory and regulatory factors; and (2) SORB failed to prove, by clear and convincing evidence, that Internet dissemination of Doe's personal information would serve a public safety interest. We affirm.

Background. We summarize the facts as set forth by the examiner in his decision, supplemented by materials included in the administrative record, and reserve certain facts for later discussion. The victim reported that Doe sexually assaulted her numerous times from when she was six years old until she was

fifteen. Doe is not the victim's biological father, but he was married to the victim's mother, his name is on the victim's birth certificate, he has known the victim since she was five years old, and the victim called him "Dad." Doe was in his late thirties when the assaults began.

Starting when the victim was six years old, Doe touched the victim while she was sleeping (or while he expected she was sleeping). Over the years, his touching escalated from touching her breasts and vaginal area over her clothes, to touching her under her clothes but not penetrating her vagina, to digitally penetrating her vagina. The victim reported that this occurred two to three times per week. For at least part of this period, this occurred while the victim's younger brother slept in the same room. When the victim was thirteen years old, Doe touched the victim's vagina over her clothes while she had a friend sleeping over in the same room, and the friend later told the victim that she had a dream that Doe was sexually abusing the victim. The victim's mother reported to the police, in an affidavit, and to her pastor that Doe also frequently touched her in her sleep and without her consent.

The victim became sleep deprived because she was afraid of Doe assaulting her in her sleep and would try to stay awake. She was prescribed sleep medication, and Doe would make sure that she took the medication every night. The victim became

2

very anxious about people touching her, resulting in the victim's entering a psychiatric unit when she was fifteen years old.

Doe was found guilty of two counts of aggravated rape and abuse of a child, pursuant to G. L. c. 265, § 23A. SORB preliminarily classified Doe as a level two sex offender, and after an administrative hearing on September 28, 2021, the examiner issued a final decision classifying Doe as a level two sex offender. Doe then filed a complaint for judicial review in the Superior Court. After a hearing, the judge denied Doe's motion for judgment on the pleadings and entered a judgment affirming SORB's decision, from which Doe now appeals.

Standard of review. "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501), citing G. L. c. 30A, § 14 (7). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011) (Doe No. 10800), quoting G. L. c. 30A, § 1 (6). "We give due weight to

3

the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted).  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019) (Doe No. 523391).

Discussion.  1.  Statutory and regulatory factors.  a. Risk-elevating factors.  Doe claims for the first time on appeal that the examiner erred by considering Doe's sexual assault of his wife and, as a result, applying two risk-elevating factors: factor 21 (diverse victim type)[1] and factor 22 (number of victims).[2]  While Doe raised general concerns about how the examiner weighed the regulatory factors in the Superior Court, Doe did not make any argument or objection regarding factor 21 or factor 22, and therefore this argument is waived.  See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006).

Even if this issue had been properly preserved, Doe's claim would fail.  "The range of evidence that may be considered by hearing examiners is not limited by the same rules of evidence

---

[1] Factor 21 states:  "Offenders whose acts of sexual misconduct traverse victim types, such as multiple ages . . . or relationship categories, present a greater risk of reoffense and danger to public safety because they have a broader victim pool."  803 Code Mass. Regs. § 1.33(21)(a) (2016).
[2] Factor 22 states:  "Offenders who have committed acts of sexual misconduct against two or more victims present an increased risk of reoffense and degree of dangerousness."  803 Code Mass. Regs. § 1.33(22)(a) (2016).

that apply in court proceedings; hearing examiners may exercise their discretion to admit and give probative value to evidence 'if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs.'" Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 26 (2021) (Doe No. 339940), quoting G. L. c. 30A, § 11 (2). "[H]earsay evidence bearing indicia of reliability constitutes admissible and substantial evidence" (citation omitted). Doe No. 339940, supra. See Doe No. 523391, 95 Mass. App. Ct. at 89-90. To determine reliability, the examiner must consider the circumstances in which the statements were made, including "the general plausibility and consistency of the . . . witness's story, the circumstances under which it is related, the degree of detail, the motives of the narrator, the presence or absence of corroboration and the like" (quotation and citation omitted). Id. at 89. See Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 649 (2012); Doe, Sex Offender Registry Bd. No. 10304 v. Sex Offender Registry Bd., 70 Mass. App. Ct. 309, 313 (2007). On appeal, we consider whether "it was reasonable for the examiner to admit and credit the facts described in the hearsay evidence" (quotation and citation omitted). Doe No. 523391, supra at 89.

5

Here, the examiner found the statements of the victim's mother sufficiently credible and reliable under the circumstances, which included consistency across her statement to police, her affidavit, and statements to her pastor.  See Doe No. 523391, 95 Mass. App. Ct. at 90.  It was not unreasonable for the examiner to make this finding.  See id.

Doe also maintains, as he did in the Superior Court, that the examiner erroneously applied factor 16 (public place) based on the sleepover assault.[3]  Doe claims that because he committed the assault at night, at home, and while everyone in the room was presumably sleeping, he made an effort to conceal his conduct.  Factor 16 applies where an offender has engaged in sexual misconduct while in the presence of a sleeping person.  See Doe, Sex Offender Registry Bd. No. 390261 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 219, 225 (2020) (no expectation of privacy where Doe assaulted victim while victim's brother was

_____

[3] Factor 16 states:

"The commission of a sex offense or engaging in sexual misconduct in a place where detection is likely reflects the offender's lack of impulse control.  The Board may apply less weight to factor 16 if there is evidence that the offender made a clear and concerted effort to conceal his offending behavior from others.  For purposes of factor 16, a 'public place' includes . . . any place that is open to the scrutiny of others or where there is no expectation of privacy."

803 Code Mass. Regs. § 1.33(16)(a) (2016).

6

sleeping in same bed).  A room with sleeping children does not a private place make, and thus it was within the examiner's discretion to apply factor 16.  See Doe No. 10800, 459 Mass. at 633, citing Smith, 65 Mass. App. Ct. at 812-813.

b.  Risk-mitigating factors.  Doe also claims that the examiner erred by not explaining the weight given to factor 30 (advanced age)[4] and by not giving factor 33 (home situation and support systems)[5] full mitigating weight.

_____

[4] Factor 30 states:

"Recidivism rates incrementally decline as sex offenders get older, especially as offenders move into their later years.  While advanced age alone does not outweigh other risk-elevating factors present in an individual offender, advancing age has a mitigating effect on risk of reoffense.

"[T]he Board considers advanced age to have a significant mitigating effect[,] . . . for those with child victims, when the offender is [sixty] years of age or older.  For purposes of factor 30, the Board will consider the offender's age at the time of the classification hearing."

803 Code Mass. Regs. § 1.33(30)(a) (2016).

[5] Factor 33 states:

"Factor 33 is applied to an offender who is currently residing in a positive and supportive environment.  The likelihood of reoffense is reduced when an offender is supported by family, friends, and acquaintances.

"The Board shall give greater mitigating consideration to evidence of a support network that is aware of the offender's sex offense history and provides guidance, supervision, and support of rehabilitation."

803 Code Mass. Regs. § 1.33(33)(a).

"A hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor . . . ." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014) (Doe No. 68549). "[O]ur review does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion as an [examiner], but only whether a contrary conclusion is not merely a possible but a necessary inference" (quotation and citation omitted). Id. at 110. Because it was not raised in the trial court, Doe's factor 30 claim is waived.[6] See Smith, 65 Mass. App. Ct. at 810.

Doe also maintains that the examiner erred in giving factor 33 only minimal weight. Because Doe argued that the examiner did not properly consider Doe's release plan, we will treat this claim as preserved. The examiner gave factor 33 only minimal mitigating weight because, at the time, Doe was still incarcerated and therefore not "currently residing in a positive and supportive environment." 803 Code Mass. Regs. § 1.33(33)(a) (2016). Additionally, while Doe submitted a letter from his

_____

[6] Doe would fare no better if we considered his factor 30 claim. The examiner, in his discretion, applied factor 30 as a mitigating factor even though Doe, at fifty-eight years old, had not yet reached the threshold age of sixty at the time of the hearing. See 803 Code Mass. Regs. § 1.33(30)(a). In light of this discretionary application, any mitigating weight applied to factor 30 by the examiner could not have been too little. See Doe No. 68549, 470 Mass. at 109-110.

father stating that Doe could stay with his father upon his release until he was ready to move out, the examiner found that the letter did not constitute a home plan upon release. In these circumstances, the examiner did not abuse his discretion by applying factor 33 with minimal mitigating weight.

2. _Internet dissemination and public safety_. Doe also maintains that requiring Internet dissemination of his personal information was not supported by clear and convincing evidence that it would serve a public safety interest. "Where the board determines that the risk of reoffense is moderate and the degree of dangerousness posed to the public is such that a public safety interest is served by public availability of registration information, it shall give a level 2 designation to the sex offender." G. L. c. 6, § 178K (2) (b). "The public shall have access to the information regarding a level 2 offender" in accordance with the relevant statutory provisions. Id. "We . . . require hearing examiners to ask whether, in light of the particular risks posed by the particular offender, Internet access to that offender's information might realistically serve to protect the public against the risk of the offender's sexual reoffense. If the answer to this question is 'no,' classification as a level two offender is unjustified even where the offender poses a moderate risk to reoffend and a moderate degree of dangerousness." Doe No. 496501, 482 Mass. at 655.

9

Doe claims here that, because the victim was his stepdaughter, these offenses took place over ten years before the hearing, and he was almost sixty years old at the time of the classification hearing, the pool of potential victims in the case of reoffense is small and therefore Internet dissemination of his information would not protect the public. The examiner considered and rejected these arguments, finding that, "in the interest of public safety, women, girls, and anyone who is the caretaker of girls who may become acquainted with the [plaintiff], have a right to know about the [plaintiff]'s past sexual offenses." The examiner, considering these facts and applying one high risk factor and numerous risk elevating and risk mitigating factors, determined by clear and convincing evidence that Doe posed a moderate risk to reoffend and a moderate degree of dangerousness, and therefore concluded that a public safety interest would be served by public and Internet access to his sex offender registry information. See Doe No. 496501, 482 Mass. at 655. These findings were reasonable in light of the circumstances and the examiner's specialized knowledge, and the findings support the examiner's

10

classification of Doe as a level two offender such that Internet publication is appropriate.

Judgment affirmed.

By the Court (Rubin, Singh & Hershfang, JJ.[7]),

Assistant Clerk

Entered: February 16, 2024.

---

[7] The panelists are listed in order of seniority.