NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-2

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 29265

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming the Sex Offender Registry Board's (SORB) decision to classify him as a level two sex offender in accordance with G. L. c. 6, § 178K (2) (b).  On appeal, Doe maintains that (1) the hearing examiner improperly relied on hearsay evidence of new sexual misconduct and (2) the level two classification was not supported by substantial evidence.  We affirm.

Background.  We summarize the facts set forth by the examiner in his decision, supplemented by materials included in the administrative record.  In 1983, Doe was found guilty of indecent assault and battery on a person under the age of

fourteen and sentenced to one year of probation.  According to the police report, Doe touched the victim (victim 1), a thirteen year old female neighbor who was babysitting Doe's child, on her breast, "french kiss[ed]" her, unzipped her pants, and "put his hand down inside."  In 2007, SORB notified Doe of his duty to register as a level one sex offender pursuant to G. L. c. 6, § 178K (2) (a); Doe accepted SORB's recommendation.

In September 2016, Doe sexually assaulted his daughter's friend (victim 2) while she was at his home celebrating the daughter's birthday.  Victim 2, an eighteen year old woman, sent a text message to her boyfriend indicating "she was intoxicated and beginning to feel uncomfortable with [Doe]."  Her boyfriend arrived at Doe's home and yelled the victim's name from outside. Victim 2 responded in a "distressed tone" and the boyfriend entered the apartment to find the victim on the couch without a shirt or bra on; Doe was kneeling over her.  The boyfriend helped victim 2 get dressed and drove her home.  Later that night, Doe's daughter texted the boyfriend and stated that she found a photo of victim 2's breasts on her father's camera, she did not believe Doe's representation that the photo was taken by accident, and she wanted to accompany the boyfriend to the police station.

The boyfriend reported the incident to the police.  Both he and victim 2 were interviewed.  As part of the investigation,

2

the police also interviewed Doe. He admitted to providing his daughter and the victim with alcohol, told police that victim 2 had taken her top and bra off herself, and denied touching her. He also told police that he had accidentally taken a photo of victim 2 in a bra, but that he deleted it from his camera. He denied photographing her bare breasts. Doe was found guilty of furnishing alcohol to a minor, pleaded guilty to assault and battery, and was sentenced to concurrent one-year terms of probation.[1]

Based on these new charges, on March 9, 2017, SORB notified Doe of his duty to register as a level three sex offender pursuant to G. L. c. 6, § 178K (2) (c). Doe requested a hearing to review SORB's recommended classification level, and a hearing was held on September 13, 2017. The hearing examiner issued a final recommendation reclassifying Doe as a level two sex offender on October 5, 2017.

Due to a procedural error discovered by SORB, Doe was returned to his level one status in January 2018. Between that date and November 2022, Doe had another administrative hearing,

---

[1] Doe was initially charged with rape, two counts of indecent assault and battery, and furnishing alcohol to a minor. The judge allowed a motion for a required finding of not guilty on one charge of indecent assault and battery and a jury found Doe not guilty of rape.

was again reclassified as a level two sex offender, and twice appealed to the Superior Court pursuant to G. L. c. 30A, § 14.

Standard of review. "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501), citing G. L. c. 30A, § 14 (7). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6). "We give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019) (Doe No. 523391).

Discussion. 1. Admission of hearsay evidence. Doe contends that the hearing examiner improperly relied on hearsay evidence in concluding that Doe committed a new sexual offense. "The range of evidence that may be considered by hearing examiners is not limited by the same rules of evidence that

4

apply in court proceedings; hearing examiners may exercise their discretion to admit and give probative value to evidence 'if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs.'" Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 26 (2021) (Doe No. 339940), quoting G. L. c. 30A, § 11 (2). "[H]earsay evidence bearing indicia of reliability constitutes admissible and substantial evidence" (citation omitted). Id. See Doe No. 523391, 95 Mass. App. Ct. at 89-90.

To determine reliability, the examiner must consider the circumstances in which the statements were made, including "the general plausibility and consistency of the victim's or witness's story, the circumstances under which it is related, the degree of detail, the motives of the narrator, the presence or absence of corroboration and the like" (quotation and citation omitted). Doe No. 339940, 95 Mass. App. Ct. at 89. See Doe, Sex Offender Registry Bd. No. 10304 v. Sex Offender Registry Bd., 70 Mass. App. Ct. 309, 312-313 (2007). On appeal, we consider whether "it was reasonable for the examiner to admit and credit the facts described in the hearsay evidence" (quotation and citation omitted). Doe No. 523391, 95 Mass. App. Ct. at 89.

Here, Doe claims that the hearing examiner abused his discretion by admitting and relying on hearsay statements from victim 2, her boyfriend, and Doe's daughter in concluding that Doe committed a second act of sexual misconduct in 2016. Doe also maintains that the hearing examiner failed to make the detailed factual findings required to support this reliance.

The hearing examiner found that "[d]espite [Doe's] plea to the lesser charge of assault and battery . . . [there was] sufficient evidence to consider as fact that [Doe] indecently touched [v]ictim 2." This finding was supported by substantial evidence. Victim 2's statement to the police that Doe took photos of her without a shirt or bra on, approached her while she was alone with him in a room and began "rubbing her vagina" included substantial detail about the circumstances of the assault and was corroborated by contemporaneous text messages sent to her boyfriend. See Doe 523391, 95 Mass. App. Ct. at 90 (victim's account in police report reliable where events surrounding assault described in detail).

Victim 2's account was also corroborated by the statements that her boyfriend made to the police, by Doe's daughter, and by Doe. See Doe 523391, 95 Mass. App. Ct. at 90. Doe's daughter described having seen a photograph of victim 2's bare breasts on her father's camera. The boyfriend saw Doe kneeling over victim 2's half-naked body on the couch. Moreover, Doe pleaded guilty

6

to assault and battery, which further corroborates the victim's account of Doe's touching her without consent.  See Commonwealth v. Given, 441 Mass. 741, 747-748 (2004) ("The fact of conviction is a powerful independent indicator of the reliability of the statements describing the offense on which the conviction rests").  The statements were made in circumstances that indicate reliability:  victim 2 was in distress and had sought help from her boyfriend, see Doe No. 523391, 95 Mass. App. Ct. 90 (consistent account of assault to police and others indicative of reliability); Doe's daughter had just discovered a photograph of victim 2's breasts on her father's camera; and the reporting parties went immediately to the police station after the incident.  Cf. Commonwealth v. Patton, 458 Mass. 119, 134 (2010) (promptness of sexual assault complaint relevant to credibility determination).

Doe contends that the hearing examiner did not properly consider Doe's daughter's affidavit, in which she averred, inter alia, that (1) Doe did not take victim 2's bra or shirt off, and (2) he was not "straddling" her when the daughter reentered the apartment with victim 2's boyfriend.  "[I]t is the province of [the hearing examiner], not this court, to weigh the credibility of the witnesses and to resolve any factual disputes" (citation omitted).  Doe, Sex Offender Registry No. 291554 v. Sex Offender Registry Board, 87 Mass. App. Ct. 210, 213 (2015).  The hearing

7

examiner did so.  He addressed the daughter's affidavit in his analysis, reasoning that "[n]otwithstanding [Doe's] daughter's dispute of some of the subsidiary facts, she does not deny that she had left the room at the time of the sexual assault and thus cannot refute that [Doe] did in fact touch [v]ictim 2."

Finally, the hearing examiner's findings support his decision to credit victim 2's and her boyfriend's accounts of the assault.  In finding that Doe "indecently touched" victim 2, the hearing examiner noted that victim 2's account "that she was uncomfortable with [Doe's] actions and that he photographed her breasts," was corroborated by Doe's daughter's texts and affidavit.  On the night of the assault, Doe's daughter sent a message to victim 2's boyfriend saying, "I think [(v)ictim 2] had every right to feel uncomfortable around my dad I looked at his camera and the first thing I saw was [(v)ictim 2's] boob's [sic] [;] he said it was an accident but I don't believe him." This contemporaneous account corroborates victim 2's discomfort with Doe and her report that he took photos of her naked breasts.

Where the hearing examiner thoroughly "assess[ed] the reliability of the exhibits introduced into evidence and [the] credibility of witnesses," we do not disturb his decision.  803 Code Mass. Regs. § 1.19(1)(h) (2016).

8

2.  Substantial evidence.  Doe further argues that the level 2 classification was not supported by clear and convincing evidence.  Our conclusion that the hearing examiner properly relied on hearsay evidence of Doe's 2016 sexual misconduct is conclusive as to portions of this argument.

"Where the board determines that the risk of reoffense is moderate and the degree of dangerousness posed to the public is such that a public safety interest is served by public availability of registration information, it shall give a level 2 designation to the sex offender."  G. L. c. 6, § 178K (2) (b).

Doe maintains that the hearing examiner erred by failing to consider the passage of time between Doe's initial sexual offense in 1983 and his subsequent sexual misconduct under factor 37 (other information related to the nature of the sexual behavior).  See 803 Code Mass. Regs. § 1.33(37) (2016).  While the hearing examiner did not explicitly address the time between Doe's first and second offenses under factor 37, the decision reflects the examiner's consideration of the nature of Doe's criminal history, including the passage of time.  In applying factor 10 (contact with the criminal justice system), the hearing examiner noted that, with the exception of two charges for violation of an abuse prevention order in 2013, all of Doe's charges were over thirty years old, and he ascribed the factor

9

minimal weight.[2]  See id. § 1.33(10).  Even if a significant amount of time has passed, commission of a prior sexual offense is relevant to a "holistic assessment" of an offender's dangerousness.  See Doe, No. 496501, 482 Mass. at 651.

Moreover, the hearing examiner engaged in a detailed analysis of two high-risk factors, seven risk-elevating factors and four risk-mitigating and additional factors in reaching his final classification decision.

_____

[2] Doe does not contend that factor 29 (offense-free time in the community) applies because "[f]or purposes of factor 29, the offense-free time begins on the date of an offender's most recent release from custody for a sex offense or non-sexual violent offense," and Doe pleaded guilty to assault and battery in 2018.  803 Code Mass. Regs. § 1.33(29).

Where the classification is supported by "such evidence as a reasonable mind might accept as adequate to support a conclusion," G. L. c. 30A, § 1 (6), and "the examiner's detailed written decision was balanced and fair," see Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 813 (2006), we do not disturb the board's decision.

Judgment affirmed.

By the Court (Neyman,
Hershfang & Hodgens, JJ.[3]),

Paul Little

Clerk

Entered:  October 1, 2024.

---

[3] The panelists are listed in order of seniority.