NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-399

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 2489

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment upholding his classification by the Sex Offender Registry Board as a level three sex offender.  We affirm.

We disagree with Doe's contention that the examiner improperly relied on hearsay from two Boston police narrative reports introduced, over objection, as evidence at the classification hearing.  "The range of evidence that may be considered by hearing examiners is not limited by the same rules of evidence that apply in court proceedings; hearing examiners may exercise their discretion to admit and give probative value to evidence 'if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious

affairs.'" Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 26 (2021) (Doe No. 339940), quoting G. L. c. 30A, § 11 (2). A hearing examiner may consider evidence bearing indicia of reliability marked by "the general plausibility and consistency of the victim's or witness's story, the circumstances under which it is related, the degree of detail, the motives of the narrator, the presence or absence of corroboration and the like." Doe, Sex Offender Registry Bd. No. 10304 v. Sex Offender Registry Bd., 70 Mass. App. Ct. 309, 313 (2007). "The lack of criminal conviction does not render information contained within a police report inadmissible in an administrative proceeding." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 90 (2019) (Doe No. 523391).

Based on our review of the record, we conclude that "the examiner reasonably determined that the police reports of the sexual assault[s] bore sufficient indicia of reliability." Doe No. 523391, 95 Mass. App. Ct. at 90. According to the first narrative report (dated May 25, 2010) a child victim, known to the police, reported being sexually assaulted by Doe on multiple occasions and described the details of those assaults in a videotaped interview summarized in the report. Describing each sexual assault in specific detail, the victim described the precise location (back room, third-floor stairwell landing,

2

bedroom, basement), the state of their clothing (pants pulled up or down and boxer shorts half down), the means used (single hand, both hands, penis), the method employed (touching and rubbing vagina), the physical restraint in one incident (grabbing her wrists), and the termination of one assault ("because someone was coming"). According to the second narrative report (dated February 22, 2019), a nursing student reported to a detective that the previous day Doe appeared at a clinic for continuing treatment of a foot injury. Examining Doe's foot, she sensed that he was making odd movements, looked up, and saw that he had his hands in his pants making obvious motions that he was masturbating. As noted by the examiner, both police narratives provided a "high degree of detail" by victims of their observations of Doe during these incidents. Given the sources of information in the reports and the high degree of detail provided, we are satisfied that the examiner did not abuse his discretion in admitting and relying on these narrative reports. See Doe No. 339940, 488 Mass. at 27-28.

As to Doe's claim that the examiner abused his discretion in applying factor 29 (mitigation for offense-free time in the community), we discern no error. We review Doe's claim based on the regulations governing factor 29 at the time of the hearing. See 803 Code Mass. Regs. § 1.33(29)(a) (2016). In mitigation, factor 29 states that the risk of reoffense "decreases the

3

longer the sex offender has had access to the community without committing any new sex offense or non-sexual violent offense." 803 Code Mass. Regs. § 1.33(29)(a) (2016). "The risk of reoffense decreases for most offenders after living in the community offense-free for five to ten years. The risk of reoffense lowers substantially after ten years of offense-free time in the community." Id. The calculation for "offense-free time begins on the date of an offender's most recent release from custody for a sex offense or non-sexual violent offense." Id. The examiner declined to afford any mitigating weight to this factor due to what he described as "sexual misconduct" discussed above (occurring from 2006 to 2009, and in 2019) after Doe's release from custody in 1994. Offense-free time in the community does not equate with conviction-free time, and we see nothing in the regulations that compelled the examiner to assign weight to Doe's temporary offense-free periods that followed his release from custody in 1994. Indeed, the governing regulations caution that the anticipated decline in the risk of reoffense applies to "most offenders" but not all. Id. Given Doe's repeated acts of sexual misconduct since his release from custody in 1994, the examiner could rationally conclude that Doe's risk of reoffense was not in fact declining.

The weight to be applied to these circumstances was well within the examiner's discretion. See Doe, Sex Offender

4

Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 139 (2019) ("hearing examiner has discretion to determine how much weight to ascribe to each factor under consideration").

Judgment affirmed.

By the Court (Meade, Walsh & Hodgens, JJ.[1]),

Clerk

Entered:  October 24, 2025.

---

[1] The panelists are listed in order of seniority.