NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-694

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 528280

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming a Sex Offender Registry Board (board) decision classifying Doe as a level two sex offender.  On appeal, Doe claims that the hearing examiner erred in (1) relying on hearsay statements by the victim and (2) applying regulatory factors three (adult with child victim) and eighteen (extravulnerable victim).  We affirm.

Background.  We summarize the facts as found by the hearing examiner, "supplemented by undisputed facts from the record," and reserve certain facts for later discussion.  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011).

In 2017, Doe, then thirty-six years old, sexually assaulted the victim, then sixteen years old, at her sister's house. Doe was the sister's fiancé at the time, although they did not reside together. The victim was lying in bed when Doe got on top of her and rubbed his hands over her body. Doe placed the victim's hands over her head, pulled her shirt down, exposed her breasts, and put his mouth on her nipple. Doe tried to remove the victim's clothes, touched her vagina over and under her clothes, exposed his penis to the victim, and tried to put it in her vagina. After the victim's sister called her, Doe got off her and left the room.

The victim reported the incident to the Brockton police department that same day. She also reported that Doe had engaged in other instances of sexual misconduct. The victim then participated in a Sexual Assault Intervention Network (SAIN) interview, which was videotaped. After describing the recent incident, the victim stated that Doe had assaulted her in a similar manner months earlier at her sister's house. The victim further stated that two years earlier Doe had "tr[ied] to do stuff to her" after he entered her room at her house while she was sleeping, but that time Doe did not put his mouth on her breast.

In 2022, Doe pleaded guilty to one count of indecent assault and battery on a person fourteen or over, in violation

of G. L. c. 265, § 13H.  He was sentenced to a two and one-half year term in the house of correction, suspended with probation until January 3, 2025.  After his guilty plea, the board notified Doe of his obligation to register as a level two sex offender, pursuant to G. L. c. 6, § 178K (2) (b).  Doe requested an administrative hearing to challenge the board's preliminary classification.  Following that hearing, the examiner ordered Doe to register as a level two sex offender, concluding, "by clear and convincing evidence," that "[Doe] poses a moderate risk to re-offend and a moderate degree of dangerousness."  Doe sought judicial review of his classification in the Superior Court, and a judge affirmed Doe's classification.

Discussion.  1.  Standard of review.  "We review a judge's consideration of an agency decision de novo."  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391).  "[A] decision of SORB 'may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law.'"  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022), quoting Doe, Sex Offender Registry Bd. No. 6969 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 533, 537 (2021).  In reviewing the board's decision, we "give due weight to the experience, technical

3

competence, and specialized knowledge of the [board], as well as to the discretionary authority conferred upon it."  Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006), quoting G. L. c. 30A, § 14 (7).

2.  Reliance on hearsay.  Doe contends that the examiner improperly relied on hearsay statements made by the victim to the Brockton police and during a SAIN interview.  As a hearing examiner "need not observe the rules of evidence observed by courts," G. L. c. 30A, § 11 (2), "[h]earsay, even multilevel hearsay, may be admissible at classification hearings."  Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76-77 (2015) (Doe No. 356011).  "When reviewing an examiner's determination that hearsay evidence is substantially reliable, we ask whether 'it was reasonable for the examiner to admit and credit' the facts described in the hearsay evidence."  Doe No. 523391, 95 Mass. App. Ct. at 89, quoting Doe No. 356011, 88 Mass. App. Ct. at 77.  "Such indicia include 'the general plausibility and consistency of the victim's or witness's story, the circumstances under which it is related, the degree of detail, the motives of the narrator, the presence or absence of corroboration and the like.'"  Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 26-27 (2021), quoting Doe, Sex Offender Registry

4

Bd. No. 10304 v. Sex Offender Registry Bd., 70 Mass. App. Ct. 309, 313 (2007).

Here, it was reasonable for the hearing examiner to admit and credit the victim's hearsay statements. See Doe No. 356011, 88 Mass. App. Ct. at 77. The victim's statements were rendered substantially reliable by Doe's subsequent decision to plead guilty for engaging in nearly identical misconduct against the victim. See Davis v. Allard, 37 Mass. App. Ct. 508, 511 (1994). In addition, the victim's descriptions of Doe's sexual assaults and sexual misconduct were plausible, consistent, and detailed. See Doe No. 523391, 95 Mass. App. Ct. at 89. In particular, while the victim's statements during the SAIN interview were more detailed, they were still consistent with her report to the police. The victim told the police that Doe had assaulted her on multiple occasions, and during the SAIN interview she stated that there were "other times things happened with him," described two of those incidents in detail, and identified approximately when each incident occurred. The victim's description of the two earlier incidents was also consistent with her description of the indecent assault for which Doe pleaded guilty. See id. (reliability may be demonstrated by "consistency of the hearsay incident with other, known behavior" of offender). Finally, there were no obvious "[i]ndicia of unreliability" surrounding the victim's statements. Id. While

5

Doe contends that the victim's impact statements "belie her credibility" because they focused on the index offense, the assault for which Doe pleaded guilty, the victim's first statement showed that Doe had engaged in sexual misconduct with her on multiple occasions by referring to her feeling of isolation "the first time it happened."

3. Application of regulatory factors. Doe further contends that the hearing examiner erroneously applied regulatory factors three and eighteen based on the victim's hearsay statements. Factor three applies to adult offenders with child victims and provides that the board "shall consider any victim younger than 16 years old as a 'child victim.'" 803 Code Mass. Regs. § 1.33(3)(a) (2016). Factor eighteen applies to offenders who commit a sex offense or sexual misconduct against an extravulnerable victim. 803 Code Mass. Regs. § 1.33(18) (2016). "Extravulnerable" includes the presence of "any condition or circumstance" that renders a victim "more susceptible to sexual assault" or "unable to effectively defend" themselves or "compromises [a victim's] ability to effectively report the abuse or provide testimony in court." Id.

The hearing examiner concluded that regulatory factor three applies because the victim told the police and the SAIN interviewer that Doe engaged in sexual misconduct with her when she was in the sixth grade. At that time, the victim was eleven

6

or twelve years old, and Doe was approximately thirty-one or thirty-two years old. Although Doe argues that the hearing examiner erroneously applied factor three based on this earlier incident of sexual misconduct rather than on the index offense, a hearing examiner may consider evidence of a prior sexual assault or misconduct that did not result in a conviction of the offender. Doe No. 356011, 88 Mass. App. Ct. at 79. As discussed, it was reasonable for the hearing examiner to credit the victim's statements to the police and SAIN interviewer regarding Doe's prior conduct, and it was within the hearing examiner's discretionary authority to consider those statements in the context of factor three.

We similarly discern no error with respect to the hearing examiner's application of factor eighteen. The hearing examiner concluded that factor eighteen was applicable because Doe "committed a sexual misconduct against the [v]ictim while she was asleep in her bedroom." Doe does not dispute that a victim being asleep is a relevant circumstance under factor eighteen, but rather contends that factor eighteen does not apply here because the victim was awake during the index offense. Again, however, it was reasonable for the hearing examiner to consider the other incidents of sexual assault and misconduct reported by the victim, including the earlier incident that occurred when the victim was sleeping in her room at her house. Doe also

contends that factor eighteen does not apply to that incident because the victim woke when she heard Doe's footsteps as he entered her room, but the hearing examiner did not abuse his discretion in concluding that the victim was more susceptible to sexual assault or unable to effectively defend herself in those circumstances.

Because the hearing examiner did not err in his application of factors three and eighteen, we need not address Doe's argument that the facts do not clearly dictate his classification as a level two sex offender once factors three and eighteen are excised from the analysis.

<u>Judgment affirmed</u>.

By the Court (Vuono,
  Desmond, & Toone, JJ.[1]),

Clerk

Entered:  November 20, 2025.

---

[1] The panelists are listed in order of seniority.

8