NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-334

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 18837

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a Superior Court judgment affirming his reclassification by the Sex Offender Registry Board (SORB) as a level three offender.  Doe argues that the hearing examiner abused his discretion by (1) relying on uncorroborated hearsay evidence that Doe committed additional sexual crimes, and (2) rejecting his expert's opinion.  We affirm.

Background.  We summarize the facts as found by the hearing examiner, "supplemented by undisputed facts from the record," and reserve certain facts for later discussion.  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011).  Doe was classified as a level two

offender in January of 2002 after pleading guilty to rape of a child in 2001. After a later incident involving a different victim, Doe pleaded guilty to assault with intent to rape in 2009.

In November of 2021, SORB notified Doe of his duty to register as a level three sex offender, based on recent allegations that he had raped his ex-wife in 2018. Doe challenged his level three reclassification based on his acquittal of the 2018 charges.

After a de novo reclassification hearing in February and May of 2023, at which Doe presented expert testimony in support of his position that he posed a low risk of reoffending, a SORB hearing examiner found that "[Doe] presents a high risk to re-offend and a high degree of dangerousness," and therefore ordered that he register as a level three offender. Doe filed a complaint for judicial review in the Hampden Superior Court, pursuant to G. L. c. 6, § 178M, and G. L. c. 30A, § 14. In February of 2024, a Superior Court judge denied his motion for judgment on the pleadings and entered a judgment affirming the SORB hearing examiner's decision. Doe filed a timely appeal.

Discussion. 1. Standard of review. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391). "To determine the

2

validity of an agency's decision, the reviewing court must determine whether the decision is supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015), quoting Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006).  In reviewing SORB's decision, "we 'give due weight to the experience, technical competence, and specialized knowledge of the [board].'"  Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013), quoting G. L. c. 30A, § 14 (7).  Doe therefore "bears a heavy burden of establishing that [SORB's] decision was incorrect."  Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021) (Doe No. 3177), quoting Boston Police Dep't v. Civil Serv. Comm'n, 483 Mass. 461, 469 (2019).  We may set aside SORB's decision on a determination that the decision is unsupported by substantial evidence, arbitrary and capricious, an abuse of discretion, or not in accordance with the law.  See Doe No. 3177, supra at 754.

2.  Reliance on hearsay.  Doe argues that the hearing examiner abused his discretion by admitting and crediting "uncorroborated hearsay evidence" that Doe had raped his ex-wife, even though Doe was acquitted at trial.  We disagree.

"The range of evidence that may be considered by hearing examiners is not limited by the same rules of evidence that apply in court proceedings; hearing examiners may exercise their discretion to admit and give probative value to evidence 'if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs.'"

Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 26 (2021), quoting G. L. c. 30A, § 11 (2). "[H]earsay evidence bearing indicia of reliability constitutes admissible and substantial evidence" (citation omitted). Id. "Such indicia include 'the general plausibility and consistency of the victim's or witness's story, the circumstances under which it is related, the degree of detail, the motives of the narrator, the presence or absence of corroboration and the like.'" Id. at 26-27, quoting Doe, Sex Offender Registry Bd. No. 10304 v. Sex Offender Registry Bd., 70 Mass. App. Ct. 309, 313 (2007). "The lack of a criminal conviction does not render information contained within a police report inadmissible in an administrative proceeding." Doe No. 523391, 95 Mass. App. Ct. at 90. "[T]he board may consider subsidiary facts . . . including subsidiary facts resulting in acquittals, where those facts are nonetheless proved by a preponderance of the evidence." Doe No. 3177, 486 Mass. at 757.

Here, the examiner properly considered the ex-wife's detailed, consistent statements describing the multiple incidents in which Doe allegedly raped her. The hearing

4

examiner had discretion to credit reliable hearsay statements, and his consideration of the ex-wife's allegations was adequately supported by his findings of fact establishing their reliability.[1]  Because the examiner determined that the ex-wife's statements to police were sufficiently reliable, he did not abuse his discretion in finding that Doe raped his ex-wife by a preponderance of the evidence.  See Doe No. 3177, 486 Mass. at 757.

3.  Expert testimony.  Doe argues that the hearing examiner abused his discretion by disregarding expert testimony that Doe posed a low risk of reoffending.  Again, we disagree.

"Doe is not entitled to a guarantee that SORB will reach the same conclusion as his expert; he is entitled only to careful consideration of his expert's testimony."  Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 137 (2019).  Hearing examiners are not required to accept expert opinions, but examiners are required to

_____

[1] Specifically, the hearing examiner found that the ex-wife was able to recall specific facts, the ex-wife was able to give a timeframe for the alleged assaults, and the alleged assaults were factually similar to a previous sexual assault in 2000 to which Doe pled guilty.  See Doe No. 523391, 95 Mass. App. Ct. at 89 ("Common indicia of reliability include a detailed account . . . [and] the consistency of the hearsay incident with other, known behavior").

5

articulate a reasoned basis for rejecting uncontradicted expert evidence.  See id.

The examiner properly laid out his reasons for rejecting the expert's assessment.  The expert opined that Doe posed a low risk of reoffending, despite his score of four on the Static-99R assessment, which placed him in the "moderate-high" category with an estimated 9.2% group recidivism rate over a period of five years.  The expert explained, however, that in his view the ex-wife's allegations should not be considered in connection with Doe's Static-99R risk assessment because he had been acquitted of those crimes.  In that event, the expert noted that Doe would have received a score of two on the Static-99R assessment, placing him in the average range to reoffend.  But, for the reason explained above, the hearing examiner permissibly relied on the evidence that Doe had raped his ex-wife in determining his risk of reoffense.  Accordingly, the examiner was also permitted to reject an expert opinion that did not

consider the evidence that Doe had raped his ex-wife in determining his risk of reoffense.

Judgment affirmed.

By the Court (Meade,
Desmond & Wood, JJ.[2]),

Clerk

Entered:  January 14, 2026.

---

[2] The panelists are listed in order of seniority.