NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1164

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 94703

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Sex Offender Registry Board (board or SORB) reclassified the plaintiff as a level one (low-risk) offender. A judge of the Superior Court affirmed the classification, and the defendant appealed.  We affirm.

The plaintiff committed the relevant sex offense in 2001 when he raped a fourteen year old girl; he was convicted of statutory rape and sentenced to a prison term.  The plaintiff's criminal history also includes an assault and battery conviction from 2010 (punching a man in the head at the home of the plaintiff's ex-girlfriend); and charges from 2015, which were ultimately dismissed, for strangling or suffocating a pregnant woman (his girlfriend) and assault and battery on a family or

household member.  In addition, the examiner considered an incident in 2016 in which the plaintiff threatened his girlfriend to "send people with hoodies to see [her]" and, in a later conversation, said to her, "You think this is a joke?  You won't think it's funny when someone kicks you in your teeth." In 2017 and again in 2019, the plaintiff was involved in altercations with the police, leading to additional convictions (including two convictions for assault and battery); he also has a drug conviction from 2019.

"We review a judge's consideration of an agency decision de novo."  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391).  "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501), citing G. L. c. 30A, § 14 (7). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011) (Doe No. 10800), quoting G. L. c. 30A, § 1 (6).  "We give due weight to the experience, technical

2

competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted).  Doe No. 523391, supra at 88.

The plaintiff maintains that the hearing examiner erred by failing to consider two risk-mitigating factors, factor 29 (offense-free time in the community) and factor 34 (stability in the community).  See 803 Code Mass. Regs. § 1.33 (2016).  We are not persuaded.

The hearing examiner did not mention either of these factors explicitly.  But from the examiner's decision, read as a whole, we discern that he considered the facts relevant to each of these factors and that his decision to classify the plaintiff as a level one offender was not the result of an error of law and was supported by substantial evidence.

Factor 29.  Factor 29 states that the "likelihood of sexual recidivism decreases the longer the sex offender has had access to the community without committing any new sex offense or non-sexual violent offense."  803 Code Mass. Regs. § 1.33(29)(a).  The factor includes a temporal element, with the risk of reoffense diminishing after five or more years of offense-free time in the community.  Id.  Offense-free time begins "on the date of an offender's most recent release from custody for a sex offense or non-sexual violent offense."  Id.  "In the case of an offender who was not committed, the offense-free time begins on

3

the most recent date of conviction or adjudication of a sex offense or non-sexual violent offense."  Id.  Even if a significant amount of time has passed, commission of a prior sexual offense is relevant to a "holistic assessment" of an offender's current dangerousness.  Doe No. 496501, 482 Mass. at 651.

The plaintiff was convicted of a non-sexual violent offense (assault and battery on a police officer) on June 11, 2019, approximately two years before filing his request for termination of the obligation to register and just under three years before the hearing in his case.  Consequently, factor 29 is not applicable.  In addition, considering the defendant's repeated criminal charges over the twenty years between the index offense and the hearing in his case (factor 10) and his history of violence against women and law enforcement officers (factors 11, 15), we conclude that the examiner did not err in declining to credit the plaintiff for any offense-free time in the community.  See Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014).

We are similarly unpersuaded that the hearing examiner erred by not considering expert reports cited, but not submitted, during the hearing.  This issue is not properly before us as it was not raised before the Superior Court judge. See Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender

4

Registry Bd., 457 Mass. 53, 56 (2010). Were it before us, we would discern no error. When classifying an offender, the examiner is required to consider evidence presented at the hearing, and the plaintiff did not submit these scientific articles. Compare Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 621-622 (2010) (error not to consider recent authoritative studies presented by plaintiff at hearing).

Even had the studies been submitted, the examiner would have been required only to consider them; in classifying the plaintiff, he still would have been bound to apply the board's factors as written, even if challenged by the studies. See Doe No. 10800, 459 Mass. at 628 (board has "only those powers, duties, and obligations expressly conferred on it by statute or reasonably necessary to carry out the purposes for which it was established" and does not have inherent authority "to decide whether a particular statute or regulation that the agency is charged with enforcing is constitutional").

Factor 34. Under factor 34, an examiner "shall give mitigating consideration to materials submitted by the offender that demonstrate stability in the community" and "shall consider evidence that directly addresses the offender's recent behavior and lifestyle," including "his residential stability, sustained sobriety, education or employment stability, type of employment,

5

and non-work related activities."  803 Code Mass. Regs. § 1.33(34).  The plaintiff maintains that the examiner erred by not mentioning a letter submitted by the plaintiff that said, "I am currently a Class A CDL truck driver.  I have a career and 4 children."

We are unpersuaded that this uncorroborated, bare-bones assertion by the plaintiff "demonstrate[s] stability in the community" within the meaning of factor 34.  As the department notes, the record contained no evidence of the plaintiff's current residential stability, sustained sobriety, or non-work-related activities.  "An offender seeking reclassification has a burden of production to show a change in circumstances indicating that the offender poses a decreased risk of reoffense or degree of dangerousness."  Doe, Sex Offender Registry Bd. No. 76819 v. Sex Offender Registry Bd., 480 Mass. 212, 220 (2018).  The plaintiff did not meet this burden.  His extensive, ongoing criminal conduct is inconsistent with "stability in the

community."  The examiner did not err by not discussing the plaintiff's unsupported letter.

Judgment affirmed.

By the Court (Vuono, Singh & Hershfang, JJ.[1]),

Clerk

Entered:  April 3, 2025.

---

[1] The panelists are listed in order of seniority.

7